[Crim. No. 507. Fourth Appellate District.—December 22, 1937.]

THE PEOPLE, Respondent, v. VIRGIL TRANTHAM, Appellant.

Morris B. Chain and Abram M. Marks for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

MARKS, J.—By the first count of an information defendant was charged with the violation of section 500 of the Vehicle Code (negligent homicide), and in a second count with violation of section 501 of the same code (driving a motor vehicle while under the influence of intoxicating liquor and causing bodily injury to another). He was acquitted of the first offense charged and convicted of the second.

He presents three grounds for a reversal of the judgment: (1) that the evidence is insufficient to support the verdict and judgment; (2) that the acquittal of the first charge is

in effect an acquittal of the second; and, (3) exclusion of evidence proffered by him.

At about 6 o'clock on the afternoon of June 20, 1937, defendant was driving his automobile west on Fresno Avenue in Kern County. It came into contact with a motorcycle being driven east on Fresno Avenue by James Massey and caused injuries to Massey which resulted in his death. Counsel for appellant admits that the evidence of intoxication was so sufficient that it cannot be challenged here.

The act forbidden by law, and committed by defendant while driving his automobile when intoxicated, which supports the conviction, is driving on his left-hand side of the road just before the accident.

The automobile and motorcycle came into a head-on collision on defendant's right-hand side of the road. It is the theory of the people that defendant was driving on his left side of the road; that to avoid the collision, Massey, who was riding on his own right-hand side of the road, swerved to the left; that at the same time defendant swerved to his right; that these maneuvers brought the two vehicles into collision on the north, or defendant's right-hand side of the road.

The following evidence supports this theory: ''Q. Now, some time shortly after you arrived at the place where the car and motorcycle were, did you make any examination of the road surface, of the road near that car? A. Yes, sir. Q. And what, if anything, did you find? A. Well, I found skid marks on the road where someone had thrown on the brakes and rolled the wheels and skidded from the left hand side of the road over to the right. Q. How close did those skid marks come to the defendant's car? A. Within about six feet. Q. And about how long would you say these skid marks were from the place they began to the place they ended? A. I judge from where the car was standing to where the skid marks started about 23 or 24 feet. . . . Q. If you know, Mr. Simms, had any other cars passed and traveled over that portion of the road from the time you arrived at the collision until you saw those marks on the road? A. You mean cars passing the scenes of the accident? Q. Yes, pass over that place where you saw the skid marks? A. No, all cars stopped when they got up there and seen there had been a wreck, stopped the closest place they could stop.''

In addition to the foregoing testimony the witness made a diagram of the roadway at the scene of the accident on which he showed skid marks starting well over on the south side of the roadway and veering sharply northerly onto its north side and to the place where the vehicles came into contact.

This evidence supports the implied finding of the jury that defendant, while under the influence of intoxicating liquor, drove his motor vehicle in a manner forbidden by law which act proximately caused bodily injury to Massey (sec. 501, Vehicle Code) for section 525 of the same code requires a vehicle to be driven on its right-hand side of the road except under conditions not in evidence here.

Defendant urges that the same act of negligence on his part was involved in both of the crimes charged and that an acquittal of the negligent homicide charge of necessity must have been an acquittal of the driving while intoxicated charge.

In the recent case of *People* v. *Coltrin,* 5 Cal. (2d) 649 [55 Pac. (2d) 1161], this question was considered by the Supreme Court, which said:

"The constitutional provision referred to relates to a second jeopardy for the same offense. Section 654 of the Penal Code does not apply to statutes which do not make an act or omission punishable in different ways but which name different acts and different offenses, and punish each act separately. (*People* v. *Mehra,* 73 Cal. App. 162 [238 Pac. 802].) If the act involved in one charge is necessarily involved in the other and is merely incidental to that charge but one offense is committed and it cannot be carved into two offenses in order to inflict a double punishment. (*People* v. *Mazzola,* 99 Cal. App. 682 [279 Pac. 211].) But where the two offenses are entirely separate and distinct and the one is not necessarily included in the other, a prosecution for the one is no bar to a prosecution for the other even though the same testimony may be applicable to both. (*In re O'Connor,* 80 Cal. App. 647 [252 Pac. 730].) In that case, the court said: 'While a single act may be an offense against two statutes, and thus constitute two crimes, if each statute requires proof of a fact additional to those involved in the other an acquittal or conviction of either does not result in the defendant having been in jeopardy for the other.' In *People* v. *Kerrick,* 144 Cal. 46 [77 Pac. 711], the court said: 'to be "necessarily included" in the offense charged, the lesser offense must

not only be part of the greater in fact, but it must be embraced within the legal definition of the greater as a part thereof. ''To entitle a defendant to the plea of *autrefois convict* of *acquit*, it is necessary that the offense charged be the same in law and fact.'' (*People* v. *Helbing,* 61 Cal. 620.)' In *People* v. *Day,* 199 Cal. 78 [248 Pac. 250], the court said: 'It may be conceded that if the two counts stated precisely the same offense that an acquittal upon one count would operate as an acquittal upon the other count. . . . It is not the great similarity in most of the facts constituting separate offenses but the presence of a fact necessary in one offense and absent in another that determines whether offenses are separate.' ''

When we apply these rules to the facts of the instant case the contention of defendant cannot be sustained. In order to support the conviction under the second count it is necessary that it be established that defendant was operating his car while under the influence of intoxicating liquor. No such proof is required to support a conviction of negligent homicide. Therefore, there is here ''a fact necessary in one offense and absent in another that determines'' that the offenses are separate.

█ Defendant attempted to prove that Massey was intoxicated several hours before the accident. This evidence was excluded and defendant assigns this ruling as error. This contention cannot be sustained. The evidence was too remote in point of time. There was no causal connection offered to be shown between the accident and Massey's intoxication, if he was intoxicated. One intoxicated motorist may not with impunity run down and kill another intoxicated motorist.

Defendant relies on a short quotation from *People* v. *Hurley,* 13 Cal. App. (2d) 208, at 218 [56 Pac. (2d) 978], to support this argument that evidence of the intoxication of Massey should have been admitted under the theory that this intoxication was the proximate cause of the accident. The trouble with this position is that he failed to offer or to show any connection between Massey's intoxication and the accident. Without some connection between the two the evidence was properly excluded.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.