[Crim. No. 6018.   Second Dist., Div. Two.   Nov. 25, 1957.]

THE PEOPLE, Respondent, v. RONALD OTTO WITZEL, Appellant.

*Assigned by Chairman of Judicial Council.

Albert C. S. Ramsey and Milton Emlein for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant was tried upon an information containing two counts. The first alleged manslaughter (Pen. Code, § 192)[1] in that defendant did, "without malice, while engaged in the driving of a vehicle in the commission of an unlawful act not amounting to a felony, with gross negligence, and while in the commission of a lawful act which might produce death, in an unlawful manner, with gross negligence, kill Roy B. Sumner." The second charged violation of section 501, Vehicle Code,[2] that defendant "did

---

[1] Pen. Code, § 192.

"Manslaughter is the unlawful killing of a human being without malice.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"3. In the driving of a vehicle——

" (a) In the commission of an unlawful act, not amounting to felony, with gross negligence; or in the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence.

" (b) In the commission of an unlawful act, not amounting to felony, without gross negligence; or in the commission of a lawful act which might produce death, in an unlawful manner, but without gross negligence."

[2] Veh. Code, § 501. "Any person who, while under the influence of intoxicating liquor, drives a vehicle and when so driving does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle, which act or neglect proximately causes bodily injury to any person other than himself is guilty of a felony. . . ."

willfully, unlawfully and feloniously drive a certain vehicle, to wit, an automobile, while under the influence of intoxicating liquor, and in an unlawful manner, proximately causing bodily injury to Roy B. Sumner.'' A jury found defendant ''guilty of manslaughter as charged in count one of the information without gross negligence,'' and ''guilty of violation of section 502 Vehicle Code,[3] a misdemeanor, a lesser but necessarily included offense charged in count two of the information.'' The court suspended proceedings upon each count and granted probation on each. Defendant appeals from the ''judgment of conviction'' (pursuant to Pen. Code, § 1237, subd. 1) and from an order denying his motion for a new trial.

His sole contention on appeal is that a conviction of violation of section 502, Vehicle Code, is an acquittal of the charge laid under section 501; that acquittal of the 501 charge is inconsistent with a conviction of manslaughter; that inconsistent verdicts are void and therefore must be reversed.

This argument does not present any problem of double jeopardy (see *People* v. *Chessman,* 38 Cal.2d 166, 193 [238 P.2d 1001]; *People* v. *Severino,* 122 Cal.App.2d 172, 184 [264 P.2d 656]), or of double punishment for a single act contrary to Penal Code, section 654 (see *People* v. *Stangler,* 18 Cal.2d 688, 696 [117 P.2d 321]), for defendant was tried in a single hearing upon an information containing two separate counts and has not been sentenced.

Section 954, Penal Code, was amended in 1927 by adding the sentence: ''A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count.'' This probably was prompted by the decision in *People* v. *Andursky,* 75 Cal.App. 16 [241 P. 591], upon which appellant relies, and other similar cases theretofore decided. (See *People* v. *Amick,* 20 Cal.2d 247, 250 [125 P.2d 25].) It was held in the Andursky case that inconsistent verdicts will not support a judgment of conviction. That ruling was shown in *People* v. *Amick, supra,* to be no longer the law. In the last mentioned case defendant was charged with manslaughter, violation of section 480, Vehicle Code (''hit and run'' section), and of section 500, Vehicle Code, the negli-

---

[3]Veh. Code, § 502. ''(a) It is unlawful for any person who is under the influence of intoxicating liquor to drive a vehicle upon any highway. . . .''

gent homicide section, which seems to be the predecessor of section 192, subdivision 3, Penal Code. (See *People* v. *Mitchell*, 27 Cal.2d 678, 684-685 [166 P.2d 10].) Defendant was found guilty upon the last count (§ 500) and acquitted on the others. " 'The sole point raised by appellant is that the verdict acquitting him of manslaughter is inconsistent with the verdict of guilty of negligent homicide, since both charges grew out of the same act which resulted in the death of the same individuals; that an acquittal upon a count in an information charging manslaughter is inconsistent with a conviction on another count charging homicide in the same information and amounts to a complete acquittal of the accused.' " (*People* v. *Amick, supra,* 20 Cal.2d 247, 249-250.)

■ The court then distinguished cases such as Andursky, *supra,* both those decided before and those decided after the amendment of section 954, and continued as follows: " 'We believe the effect of the amendment of section 954 of the Penal Code in 1927 was given careful consideration in the case of *People* v. *Ranney,* 123 Cal.App. 403 [11 P.2d 405], where a similar argument was presented. It was there said: "The disposition of one count had no bearing upon the verdict with respect to other counts, regardless of what the evidence may have been. Each count must stand upon its own merit. The amendment to section 954 of the Penal Code conclusively settles this controversy adversely to the contention of the appellant. That section provides for the charging of 'two or more different offenses of the same class of crimes or offenses, under separate counts.' That section, as amended in 1927, then provides that, 'A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count.' This language clearly means that each count in an indictment or information, which charges a separate and distinct offense must stand upon its own merit, and that a verdict of either conviction or acquittal upon one such charge has no effect or bearing upon other separate counts which are contained therein. . . . There are no authorities to the contrary in other jurisdictions where a statute exists similar to the California law above quoted." ' " (Pp. 251-252.) The last paragraph reads: " 'Therefore the two crimes of involuntary manslaughter and negligent homicide are not identical.' Furthermore and in any event, 'under section 954 of the Penal Code as amended, the acquittal on

490

count 1 does not necessarily result in an acquittal on count 3. (*People* v. *Kirsch*, 204 Cal. 599 [269 P. 447].)' '' (Pp. 254.)[4]

Certain later cases which follow Amick and apply section 954 stress the fact that the offenses alleged in the separate counts are not identical and indicate that section 954 would not apply if identity of the constituent elements were found to be present. Such cases include *People* v. *Hight*, 94 Cal. App.2d 100, 107 [210 P.2d 270] ; *People* v. *Carner*, 117 Cal. App.2d 362, 364 [255 P.2d 835] ; *People* v. *Hoyt*, 20 Cal.2d 306, 317 [125 P.2d 29] ; *People* v. *Severino, supra*, 122 Cal. App.2d 172, 184. As will appear later, we do not deem that to be the test under section 954. But it is worthy of mention in that connection that the court held in Amick, *supra*, that negligent homicide (Veh. Code, § 500) and manslaughter (Pen. Code, § 192) are not identical offenses. At page 253 it is said: "Manslaughter, like murder, can be committed with any instrumentality or means known to the ingenuity of man, whereas, negligent homicide can only be committed as specified in section 500 of the Vehicle Code and by means of an automobile." *People* v. *Trantham*, 24 Cal.App.2d 177 [74 P.2d 851], holds that negligent homicide (Veh. Code, § 500) and violation of section 501 of the same code (driving a motor vehicle while under the influence of intoxicating liquor and causing bodily injury to another) are not identical offenses. At page 181: "In order to support the conviction under the second count it is necessary that it be established that defendant was operating his car while under the influence of intoxicating liquor. No such proof is required to support a conviction of negligent homicide. Therefore, there is here 'a fact necessary in one offense and absent in another that determines' that the offenses are separate." A similar holding is found in *People* v. *Picaroni*, 131 Cal.App.2d 612, 618 [281 P.2d 45].

■ The essentials of the offenses charged at bar cannot be deemed exact duplicates. Penal Code, section 192, subdivision 3, like Vehicle Code, section 501, requires the driving

[4]Other applications of the rule of the Amick case are found in *People* v. *Chessman, supra*, 38 Cal.2d 166, 193; *Rodriguez* v. *Superior Court*, 27 Cal.2d 500, 502 [165 P.2d 1]; *People* v. *Carothers*, 77 Cal.App.2d 252, 254 [175 P.2d 30]; *People* v. *Arbaugh*, 82 Cal.App.2d 971, 991 [187 P.2d 866]; *People* v. *Simpson*, 87 Cal.App.2d 359, 362 [196 P.2d 993]; *People* v. *McNamara*, 103 Cal.App.2d 729, 736 [230 P.2d 411]; *People* v. *Grant*, 105 Cal.App.2d 347, 352 [233 P.2d 660]; *People* v. *Whitehurst*, 112 Cal.App.2d 140, 145 [245 P.2d 509]; *People* v. *Shaw*, 115 Cal.App.2d 597, 602 [252 P.2d 670].

of a motor vehicle. There the coincidence of constituent elements stops. Under section 192 there must be an unlawful act not amounting to a felony (e.g., any misdemeanor) or commission of a lawful act which might produce death in an unlawful manner; this may be with or without gross negligence, and indeed without any negligence at all. Section 501 requires that the driver be under the influence of intoxicating liquor (a specific misdemeanor) and that, in addition thereto, he do some other act forbidden by law (e.g., wilful misconduct), or be guilty of negligence. Under section 501 bodily injury must be caused, but under section 192 the proscribed conduct must be the proximate cause of death, not mere personal injury. A single operation of an automobile may take on one or more of these characteristics. If perchance it happens to fit both statutes it does not become a single offense, although it cannot be punished more than once. ''While verdicts are inconsistent as a matter of law when one verdict is a finding which, if true, of necessity makes the other verdict impossible, the rule has no application to a case in which but one crime has been committed but the offense is charged in two or more counts under the authority of section 954 of the Penal Code which provides that 'accusatory pleading may charge . . . different statements of the same offense . . . under separate counts . . . a verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count.' Where an offense is thus pleaded in the alternative a verdict of acquittal under one count is merely a finding that all of the elements of the corpus delicti of the ,offense therein charged have not been proved but is not a finding that any particular one of the elements of the offense has not been proved and such verdict is not a finding as to any of the elements of the corpus delicti of the offense, charged in another count, of which the jury, by verdict, has found the defendant guilty.'' (Fricke on California Criminal Procedure, fourth edition, p. 346.)

Reading the instant verdicts together they seem to say that the jury found defendant to have been driving while under the influence of intoxicating liquor (an unlawful act not amounting to a felony) which, without the intervention of gross negligence, proximately caused the death of a human being. There is no inconsistency in this.

■ As above indicated, this question of identity of offenses charged in the same information or indictment is

no longer determinative of the propriety of the verdicts; though actually inconsistent, section 954 sustains them. *People v. Greer,* 30 Cal.2d 589, 599 [184 P.2d 512] : "Accordingly, section 954, provides that verdicts may be sustained, even if they are inconsistent in fact. (*People v. Codina, ante,* [30 Cal.2d] pp. 356, 360 [181 P.2d 881] ; *People v. Amick,* 20 Cal.2d 247, 252 [125 P.2d 25] ; *People v. Dreyer,* 71 Cal. App.2d 181, 193 [162 P.2d 468].)" *People v. Wallace,* 78 Cal.App.2d 726, 742 [178 P.2d 771] : "Even if the verdicts here involved were inconsistent a reversal would not be required. The Supreme Court in *Rodriguez v. Superior Court,* 27 Cal.2d 500 [165 P.2d 1], has recently reviewed the authorities dealing with the effect of inconsistent verdicts, and particularly with the cases interpreting section 954 of the Penal Code, and has held that inconsistent verdicts of acquittal on one count and conviction on another do not compel a holding that the judgment of conviction is a nullity." *People v. McCree,* 128 Cal.App.2d 196, 203 [275 P.2d 95] : "And the following cases hold that said provision of the Penal Code dictates that an acquittal of one or more counts is not to be deemed an acquittal of any other count, even if such verdicts are inconsistent."

It is to be remembered that this case presents only a problem in procedure. Any apparent injustice growing out of the quoted rule is obviated by application after verdict of Penal Code, section 654: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one. . . ." As to proper treatment of inconsistent verdicts, see *People v. Knowles,* 35 Cal.2d 175, 187 [217 P.2d 1] ; *In re Chapman,* 43 Cal.2d 385, 390 [273 P.2d 817] ; *People v. Kehoe,* 33 Cal.2d 711, 715-716 [204 P.2d 321] ; *People v. Smith,* 36 Cal.2d 444, 448 [224 P.2d 719].

Judgment and order denying new trial affirmed.

Fox, Acting P. J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.