[Crim. No. 2295.   Fourth Dist., Div. One.   May 20, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. SALVADOR HERNANDEZ, Defendant and Appellant.

Lynn E. Higgins, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Stanton Price, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—In a three-count information defendant was charged in count 1 with manslaughter, viz., the unlawful killing of Paul Cleron Richardson, by driving an automobile while under the influence of intoxicating liquor and failing to drive on the right half of the roadway with gross negligence; in count 2 with a similar charge of manslaughter with gross negligence arising out of the death of Johnnie Bee Oliver; and in count 3 with driving a motor vehicle while under the influence of intoxicating liquor resulting in injury to a person in that he drove an automobile while under the influence of intoxicating liquor, and in so driving did an act forbidden by law, to wit, failed to drive on the right half of the roadway which act proximately caused bodily injury to other persons; on counts 1 and 2 was found guilty of manslaughter without gross negligence; and on count 3 was found guilty of the lesser included offense of driving an automobile while under the influence of intoxicating liquor. Defendant's application for probation was denied. He was sentenced to imprisonment in the county jail for nine months on each of counts 1 and 2, the sentences to run consecutively, and to similar imprisonment for six months on count 3, with the proviso: ''The sentence on Count No. 3 is stayed pending further order of the Court.''

On appeal defendant contends (1) the court erred in denying his motion for a continuance; (2) denial of his motion to disqualify the trial judge was error; (3) there was an error of law in the judgment on the manslaughter counts in that although the information charged the deaths alleged therein were the proximate result of an unlawful act, which under the circumstances of this case was essential to a conviction of manslaughter, the jury failed to find such to be the fact; and (4) the court erred in imposing sentence upon count 3 contrary to the provisions of Penal Code section 654.

On the evening of December 11, 1964, defendant was driving a Ford pickup truck northerly on U.S. Highway 101. The evidence supports the conclusion he was intoxicated; his truck was driven from the northbound lane into the southbound lane where it collided with an oncoming automobile; and two persons in the latter were killed as a result of the collision.

On the morning of the trial, defendant moved for a continuance upon the ground his counsel had just learned of the existence of a report prepared for an insurance company representing defendant's employer which would support the conclusion a third automobile had sideswiped the Ford truck; left paint marks thereon; caused damage thereto; and was the sole cause of the collision. The grounds for the motion were that defendant's counsel wished time to study and develop the contents of this report. The court denied the motion, but continued the trial to the next day, with permission to renew the motion at that time, when it was renewed and again was denied. After completion of the second day of trial the case was recessed over a holiday weekend, i.e., from Friday until Tuesday. On the latter day defendant called as a witness the expert whose information was the basis for the report heretofore noted. From the record before us the information developed by this expert was fully and adequately presented. Although counsel for defendant complains he was not given additional time within which to familiarize himself in greater detail with this information so that he might present it with a greater degree of clarity, and also that he was not given the opportunity of causing additional experiments to be conducted which might have more convincingly supported the theory of an intervening causative agency, there is no showing that any further study or experiments would have presented this theory of the defense in a more convincing manner.

■ "The granting of a continuance is within the discretion of the trial court." (*People* v. *Ketchel*, 59 Cal.2d 503, 546 [30 Cal.Rptr. 538, 381 P.2d 394].)

■ "Absent an abuse of discretion and a showing of prejudice, the denial of a continuance cannot compel a reversal of a judgment of conviction." (*People* v. *Wilson*, 235 Cal.App.2d 266, 273 [45 Cal.Rptr. 267].) ■ In the case at bench there is neither a showing of abuse of discretion nor of prejudice. The record supports the conclusion drawn by the trial court that defendant's failure to ascertain the existence of such report prior to the day of trial resulted from his lack of diligence. Furthermore, the need for a continuance was not

satisfactorily demonstrated. In addition, it appears the theory of the case developed by this report was thoroughly presented by an expert witness. Apparently defendant's counsel wisely applied the three-day recess to a study of the report which enabled him to present its contents to the jury in detail.

The case had been assigned to the trial judge by the judge supervising the master calendar. On the day following the motion for continuance, defendant moved to disqualify the trial judge on account of prejudice, as permitted by section 170.6 of the Code of Civil Procedure. On the previous day, the trial judge, during the course of the hearing on the motion for a continuance indicated he was not disposed to grant such; and at the conclusion of the hearing stated: ''The Court denies the application generally, subject to such information as may be developed between now and 10:00 o'clock tomorrow morning. Counsel may proceed as expeditiously as possible to develop that information, may renew their motion, but as of this time it is denied except for a continuance until 10:00 o'clock tomorrow.'' The defendant had not moved to disqualify the judge to whom the case was assigned on the day which had been set for trial, viz., a Wednesday; on the following day, viz., Thursday, which was after the trial judge had denied the motion for a continuance but granted permission to renew, he told the judge supervising the master calendar he desired to move to disqualify the judge to whom the case had been assigned; and was advised by the former to make his motion before the latter. The motion was denied upon the ground it had not been made timely. On appeal defendant contends the order of denial was error because the trial had not commenced; the motion for continuance was a preliminary matter not involving the issues to be tried; and for this reason the motion was timely. Our attention is directed to the amendment to section 170.6 enacted in September 1965, following the date of denial of the motion, to wit, May 27, 1965, that: ''The fact that a judge has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided.'' Evidently it is defendant's contention that the law in effect at the time of his motion should be interpreted in light of the subsequent amendment to section 170.6, and did not preclude a motion to disqualify the trial judge because he had acted in connection

with the motion to continue the trial, there being no issue of fact relating to the merits of the case included within that motion. ■ However, this contention is not dispositive of the issue at hand because of the statutory requirement that when a motion to disqualify is ''directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial.'' (Code Civ. Proc., § 170.6, subd. (2).) Instead of moving to disqualify the trial judge upon assignment out of the department supervising the master calendar, when it could have been assigned to a different trial judge, the defendant awaited the outcome of his motion for continuance and, receiving an adverse decision thereon, then sought to effect a disqualification which undoubtedly would have involved further delay. The motion to disqualify was not made within the time prescribed by the statute and, for this reason, its denial was not error.

The contention that the judgment was the product of an error of law is premised upon a fallacious concept of the verdicts of the jury, and an alleged insufficiency of the evidence in the premises. The jury rendered three verdicts, one as to each count; as to the first two counts, i.e., those involving the manslaughter charges, the verdicts found the defendant guilty as charged, and further found ''the act causing death was done without gross negligence''; as to the third count, i.e., that charging the defendant with driving while under the influence of intoxicating liquor, and in so driving doing an act forbidden by law, to wit, failing to drive on the right half of the roadway, ''which act proximately caused bodily injury to other persons'', the jury found the defendant guilty of the lesser included offense of driving an automobile while under the influence of intoxicating liquor. Defendant argues that by its verdict on count 3 the jury found he did not fail to drive his automobile on the right half of the roadway, and relying upon this finding contends the verdicts of guilty on the manslaughter counts were without foundation as a matter of law, because there was no unlawful act proximately causing the deaths resulting from the accident. This contention in all of its aspects is without merit. ■ A general verdict against a defendant in a criminal case imports a finding of every averment in the information supporting his conviction. (*Tremble* v. *Tuman*, 175 Cal. 696, 698 [167 P. 142] ; *Thomson* v. *Casaudoumecq*, 205 Cal.App.2d 549, 555 [23 Cal.Rptr. 189].) ■ The verdicts on the manslaughter counts found as true all

of the allegations in each count, including the allegation that defendant failed to drive on his right half of the highway and was driving while under the influence of intoxicating liquor.

The verdict on the driving while under the influence of intoxicating liquor count did not import a finding that defendant did not fail to drive on his right half of the roadway. Such a finding was not necessary to support the conviction on this count. Furthermore, the finding implied in the verdict of guilty on counts 1 and 2 that defendant was driving an automobile while under the influence of intoxicating liquor is sufficient, of itself, to support the convictions of manslaughter as charged in those counts. The defendant testified he saw headlights coming from the direction in which he was driving and remembers nothing further. This testimony supports the conclusion that, as stated by him, evidently he "passed out" or "blacked out" before the accident; that his intoxication caused this condition; and that this condition, in turn, caused the ensuing collision and deaths.

It is well established, contrary to defendant's contention, that a homicide proximately caused by the driving of an automobile while under the influence of intoxicating liquor is manslaughter. (*People* v. *Collins*, 195 Cal. 325, 343, 349 [233 P. 97]; *People* v. *Hoe*, 164 Cal.App.2d 502, 505 [330 P.2d 907]; *People* v. *Witzel*, 155 Cal.App.2d 486, 491 [318 P.2d 136]; *People* v. *Mead*, 126 Cal.App.2d 164, 168-170 [271 P.2d 619]; *People* v. *Crow*, 48 Cal.App.2d 666, 670 [120 P.2d 686]; *People* v. *Freeman*, 16 Cal.App.2d 101, 103-104 [60 P.2d 333].) In addition, even assuming the verdict on the driving while under the influence of intoxicating liquor count imported a finding that defendant did not fail to drive on his right half of the roadway, any inconsistencies in this regard between that verdict and those on the manslaughter charges would not affect the latter. Each count in a multiple count information stands on its own merit and the disposition of one count therein has no effect on the other counts. (*People* v. *Villa*, 156 Cal.App.2d 128, 133 [318 P.2d 828]; *People* v. *Witzel, supra,* 155 Cal.App.2d 486, 491.) As a consequence, the verdicts on the manslaughter counts rest upon implied findings, supported by substantial evidence, that the defendant was driving while intoxicated and on the wrong side of the roadway; that each of these acts was unlawful; and that each resulted in the ensuing collision and deaths.

Defendant contends the imposition of sentence on each of the three counts constitutes double punishment proscribed by

Penal Code section 654; the manslaughter and driving while intoxicated charges are predicated on the same physical act, citing *People* v. *Morris,* 237 Cal.App.2d 773 [47 Cal.Rptr. 253], or arose out of a course of conduct constituting an indivisible transaction, relying on the rule as stated in *People* v. *Quinn,* 61 Cal.2d 551, 555 [39 Cal.Rptr. 393, 393 P.2d 705], and similar cases; and imposition of sentence on the driving while intoxicated count was error.

Respondent contends the sentence on count 3, i.e., the driving while intoxicated charge, did not violate the foregoing rules; the proscription of section 654 applies only to double punishment and not double conviction (*People* v. *Hicks,* 63 Cal.2d 764, 765 [48 Cal.Rptr. 139, 408 P.2d 747]); and no double punishment is imposed in this case because execution of the sentence on count 3 was stayed. ▮ Pertinent to this position is the decision in *People* v. *Niles,* 227 Cal.App.2d 749, 752, 755-756 [39 Cal.Rptr. 11], where it was held that double punishment under a judgment imposing multiple sentences was avoided by a concurrent stay of execution of the sentence for the lesser offense pending appeal and a proviso that the stay would become permanent when the sentence on the greater offense was completed.[1] In the case at bench, however, the possibility of double punishment under the judgment is not avoided by the instant stay of execution, which was not

---

[1]The decision in *People* v. *Niles,* 227 Cal.App.2d 749 [39 Cal.Rptr. 1] became final following denial of a petition for hearing in the Supreme Court. Nevertheless, it should be noted that, in holding the judgment imposing multiple sentences did not impose double punishment because execution of the sentence for the lesser offense was stayed, no consideration was given to the law in the premises that the authority of a court to stay execution of sentence in a criminal case is statutory (*In ré Collins,* 8 Cal.App. 367, 369 [97 P. 188]; that a court has no authority to stay execution of sentence except as an incident to the granting of probation (*Oster* v. *Municipal Court,* 45 Cal.2d 134, 139 [287 P.2d 755]; *People* v. *Sidwell,* 27 Cal.2d 121, 129-130 [162 P.2d 913]; *People* v. *Sheeley,* 159 Cal.App.2d 578, 580 [324 P.2d 65]), or as an incident to bail on appeal; that where probation is denied the court has no authority to stay execution, in whole or in part, of a sentence subsequently imposed (*People* v. *Cravens,* 115 Cal.App.2d 201, 203 [251 P.2d 717]; *People* v. *Rickson,* 112 Cal.App.2d 475, 481 [246 P.2d 700]; *Ellis* v. *Department of Motor Vehicles,* 51 Cal.App.2d 753, 757 [125 P.2d 521]; *In re Eyre,* 1 Cal.App.2d 451, 453 [36 P.2d 842]); that an order staying execution when unauthorized is void (*People* v. *Cravens, supra,* 115 Cal. App.2d 201, 203; *People* v. *Rickson, supra,* 112 Cal.App.2d 475, 481); and that a judgment imposing a sentence subject to a void order staying execution thereof, being unaffected by the latter, is valid and subject to execution at any time. (*People* v. *Cravens, supra,* 115 Cal.App.2d 201, 203; *In re Taylor,* 140 Cal.App. 102 [34 P.2d 1036]; *In re Clark,* 70 Cal.App. 643, 646 [234 P. 109]; *In re Collins, supra,* 8 Cal.App. 367, 370.)

permanent, but temporary; was subject to termination at any time; and upon termination would leave the judgment effective as to all of the sentences imposed. Thus, the ultimate issue for determination is whether the offenses of which the defendant was found guilty arose out of a single physical act or an indivisible course of conduct.

Before the accident defendant's pickup, on two occasions, passed a truck being driven northerly on Highway 101 by a man named Kennedy. On the first occasion the Kennedy truck was proceeding in the righthand northbound lane of the highway going approximately 50 miles per hour when the Ford pickup passed it going fast; went over the double yellow lines dividing the north and southbound traffic lanes; wove back and forth from one northbound lane to the other two or three times; and then proceeded out of sight of the truck driver. Between five and ten minutes after the first meeting the same Ford pickup passed the truck; swerved in front of it; almost hit a bridge abutment on the side of the highway; swerved back into the traffic lanes; and passed out of sight a second time. The truck driver saw the Ford pickup a third time, about two or three minutes later, when it was on fire in the southbound lanes of the highway following the collision resulting in the manslaughter charges. The truck driver testified that between 15 and 20 minutes expired from the time he first saw the Ford pickup until he saw it at the scene of the accident. During this period of time he continued to drive at an average speed of 50 miles per hour.

The verdict of the jury on count 3, which charged defendant with the offense of driving a vehicle while under the influence of intoxicating liquor that resulted in injury to a person, finding him guilty of the lesser included offense of driving a vehicle while under the influence of intoxicating liquor, is consistent with a finding that defendant committed the offense of which he was found guilty on the occasion·of the first meeting with the Kennedy truck rather than at the time of the collision resulting in the manslaughter charges.

Where a defendant is convicted of multiple offenses under a multiple count information the trial court is required to determine, as an incident to imposition of sentence, whether the offenses are subject to the proscription of Penal Code section 654; whether each is based on a single act or omission within the meaning of that section; and, where they are the product of a course of conduct, whether the course of conduct constituted a divisible or indivisible transaction. The issue

thus presented is in part a factual question (*In re Chapman,* 43 Cal.2d 385, 390 [273 P.2d 817] ; *People* v. *Houghton,* 212 Cal.App.2d 864, 873 [28 Cal.Rptr. 351] ; cf. *People* v. *Slobodion,* 31 Cal.2d 555, 561-563 [191 P.2d 1] ; *People* v. *Greer,* 30 Cal.2d 589, 600 [184 P.2d 512].)

In the case at bench, the evidence supports the finding implied in the judgment that defendant's act of driving while intoxicated when he passed the Kennedy truck and his subsequent act of driving while intoxicated which resulted in the collision and the death of two persons, did not constitute a single physical act nor a course of conduct comprising an indivisible transaction.

Multiple offenses based on separate and distinct acts may be subject to multiple punishments even though these acts "were closely connected in time and a part of the same criminal venture. . . ." (*Neal* v. *State of California,* 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 837] ; *In re Chapman, supra,* 43 Cal.2d 385, 389.) The defendant's act of driving an automobile while intoxicated at the time he passed the Kennedy truck and his act of driving an automobile while intoxicated at the time of the subsequent collision, were sufficiently separate in time and place to support the conclusion that the act of driving on the first occasion was separate and distinct from the act of driving on the second occasion even though his state of intoxication was continuous.

Whether a "course of conduct" comprises an indivisible transaction may be determined in some instances by the intent and objective of the defendant. (*People* v. *McFarland,* 58 Cal.2d 748, 760 [26 Cal.Rptr. 473, 376 P.2d 449] ; *Neal* v. *State of California, supra,* 55 Cal.2d 11, 19.) Under the intent and objective test, where separate offenses occurring in a course of conduct are incident to a single objective the course of conduct is indivisible, constitutes one act within the meaning of section 654, and subjects the offender only to one punishment. (*People* v. *Hicks, supra,* 63 Cal.2d 674, 765-766; *People* v. *McFarland, supra,* 58 Cal.2d 748, 760.) However, under the circumstances here the trial court was entitled to conclude the defendant's act of driving while intoxicated when he first passed the Kennedy truck and his act of driving while intoxicated which resulted in the collision were not incident to a single objective.

The judgment imposing multiple sentences upon defendant is supported by the findings implied therein, based on substantial evidence, that the act of driving while intoxicated of

which the defendant was found guilty in the manslaughter counts and the act of driving while intoxicated of which he was found guilty in count 1, were not a single physical act nor part of an indivisible transaction, but were separate and distinct acts within the meaning of Penal Code section 654.

The sentence on the driving while intoxicated count, by statutory decree, runs concurrently with the sentences on the manslaughter counts, as neither the judgment nor subsequent order of the court directs the contrary. (Pen. Code, § 669.)    A final issue for determination is whether the stay of execution pending further order permits the court to override this statutory provision by abiding completion of the manslaughter sentences and then terminating the stay on the driving while intoxicated sentence. Assuming a stay of execution of the type considered in *People* v. *Niles, supra,* 227 Cal. App.2d 749, 755, is valid, upon the ground the authority therefor is statutorily conferred as an incident to administration of the provisions of Penal Code section 654, the type of stay in the instant case, as heretofore noted, would not effect proscription of double punishment under a multiple sentence judgment, and therefore comes within the general rule that a stay of execution not statutorily authorized is void. (*Oster* v. *Municipal Court,* 45 Cal.2d 134, 139 [287 P.2d 755] ; *People* v. *Cravens,* 115 Cal.App.2d 201, 203 [251 P.2d 717] ; *People* v. *Rickson,* 112 Cal.App.2d 475, 481 [246 P.2d 700] ; *In re Collins,* 8 Cal.App. 367, 369 [97 P. 188].) As a consequence the stay of execution in the instant judgment does not defeat the concurrent aspect of the driving while intoxicated sentence nor subject the judgment to error.

The judgment is affirmed.

Brown, P. J., and Whelan, J., concurred.