[No. D012530. Fourth Dist., Div. One. Apr. 27, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK POLOWICZ, Defendant and Appellant.

**COUNSEL**

Robert Wayne Gehring for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Pat Zaharopoulos and Gil P. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TODD, J.**—Frank Polowicz appeals from a judgment on a finding of guilty on two counts of a five-count information charging grand theft of personal property under Penal Code,[1] section 487.1. Polowicz contends the court's finding of not guilty on count 5, which is identical to count 2, bars the later inconsistent finding by the court of guilty on count 2. We affirm.

### FACTS

Polowicz was tried in two separate cases, CR 109647, relating to unlawful driving or taking of a (rental) vehicle and receiving stolen property, and CR 109678, relating to grand theft of personal property. This appeal relates to CR 109678.

Polowicz entered into an unwritten agreement with Paul Robinson to purchase shrimp for resale to restaurants. Robinson was to buy the shrimp and Polowicz was to sell the shrimp at a modest profit to himself. Robinson purchased $49,000 worth of shrimp and held it in a public freezer storage facility, Union Ice, which released the shrimp only on Robinson's order. Polowicz was to locate customers, notify Robinson, and Robinson was to authorize Union Ice to release the appropriate quantity of shrimp to Polowicz. The purchasers (local restaurants) were to sign an invoice and Polowicz was to deliver the invoices to Robinson for billing. Customers were to pay within 30 days.

The first sale, to the Blue Crab Restaurant, went as planned. However, after receiving payment from the Blue Crab, Robinson did not pay Polowicz his commission. Thereafter, Polowicz called Robinson, notified him of "sales," and Robinson authorized release of the shrimp. At Robinson's request, Polowicz forwarded invoices from various restaurants. When no payments from the restaurants were forthcoming, Robinson called the "customers," who denied having done business with Polowicz. Robinson met with Polowicz and asked Polowicz to accompany him to one of the restaurants. Polowicz said he would follow in his own car, but never showed up at the restaurant.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

The alleged customers testified they had not ordered or received shrimp from Polowicz. They testified the invoices did not contain their signatures or the signatures of any of their employees. Employees of Union Ice testified Polowicz picked up shrimp and signed release orders for the shrimp. Jerome Balistreri and Peter Lococo of Anthony's Restaurant testified Polowicz sold them $9,000 to $10,000 of shrimp, at a price well below market price. Polowicz told them he received the shrimp in payment of a debt owed to him.

Polowicz maintained Robinson owed him $17,000 to $18,000 from their venture. Polowicz testified Robinson gave him 25 to 30 cases of shrimp in lieu of money Robinson owed Polowicz. Polowicz testified Robinson himself also took some cases of shrimp from Union Ice.

A nonjury trial was held. Prior to the court rendering its decision, the prosecutor pointed out counts 2 and 5 contained the identical charge. The court stated:

"As far as count five is concerned, it seems to me that is a duplication of count two and I will find the defendant not guilty of count five" and "[a]s to count five, I have already indicated my determination that there is a finding of not guilty." Then, the court stated:

"With regard to count two . . . which relates to the shrimp delivered to 5-8 [May 8, 1989], I find the defendant guilty of that count. I am persuaded beyond a reasonable doubt that that theft occurred." Polowicz was also found guilty of count 3. The court acquitted him of counts 1 and 4.

Sentence was suspended on counts 2 and 3 and five years of formal probation was granted. The conditions of probation included 225 days commitment to the sheriff, a $200 fine, restitution of $10,385.30 and a restitution fine of $200, stayed. Polowicz was granted 19 days of credit for time served.

## DISCUSSION

This case involves an error in the accusatory pleading, whereby counts 2 and 5 of the information both charge Polowicz with the identical crime. Polowicz asserts he was found "not guilty" on count 5 and contends he cannot thereafter be found "guilty" on count 2.

### I

We begin by dismissing any allusion to double jeopardy in this case. The federal double jeopardy clause, stated in the Fifth Amendment of the United States Constitution and applied to the states through the Four-

teenth Amendment, protects an individual against a second prosecution for the same offense after prior acquittal or conviction, and it protects against multiple punishments for the same offense. (*Grady* v. *Corbin* (1990) 495 U.S. 508, 515-516 [109 L.Ed.2d 548, 560, 110 S.Ct. 2084].) The purpose of the double jeopardy doctrine is to prevent the state from subjecting an individual to embarrassment, expense and anxiety by threatening the individual with multiple prosecutions or multiple punishments for a single offense. (See generally, 4 Wharton, Criminal Evidence (14th ed. 1987) § 671, Judgments and Jeopardy, pp. 275-292; 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Defenses, § 272, pp. 313-314.) In the context of multiple punishments imposed in a single prosecution, the double jeopardy clause prevents the sentencing court from prescribing greater punishment than the Legislature intended. (*Grady* v. *Corbin, supra,* 495 U.S. at p. 518 [109 L.Ed.2d at p. 562].)

In *People* v. *Tideman* (1962) 57 Cal.2d 574, 578 [21 Cal.Rptr. 207, 370 P.2d 1007], the Supreme Court stated the jeopardy doctrine[2] and the multiple punishment preclusion[3] "are neither identical shields nor (properly applied) do they overlap." " '[N]o plea of double jeopardy can properly be made where the defendant is tried but once.' " (*Ibid.*) "Where a prisoner is tried but once on several counts arising out of the same facts occurring at the same time, 'double jeopardy' is impossible." (*People* v. *Thomas* (1953) 121 Cal.App.2d 754, 757 [264 P.2d 100], original italics; see *People* v. *Chessman* (1951) 38 Cal.2d 166, 193 [238 P.2d 1001], overruled on other grounds in *People* v. *Daniels* (1969) 71 Cal.2d 1119, 1139 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677]; *People* v. *Amick* (1942) 20 Cal.2d 247, 251 [125 P.2d 25].)

■ Here, Polowicz was prosecuted on a single information charging the same crime in count 2 and count 5. Since he was subjected to only a single prosecution, section 1023, prohibiting multiple prosecutions for the same offense, does not apply in this case. Furthermore, Polowicz was protected under section 654 from multiple punishment for the same crime. We conclude that in no sense of the term was Polowicz placed "twice in jeopardy."

---

[2]The jeopardy doctrine, California Constitution, article I, section 13, is implemented by section 1023, which states: "When the defendant is convicted or acquitted or has been once placed in jeopardy upon an accusatory pleading, the conviction, acquittal, or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that accusatory pleading."

[3]Section 654 states: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

## II

Polowicz contends a finding of not guilty of one offense (count 5) bars a finding of guilty of another offense with identical elements (count 2). Polowicz's assertion that the findings are inconsistent strikes a chord of logic. However, Polowicz's argument is merely an exercise in semantics.

Polowicz urges application of a judicially created exception to section 954.[4] ■ The general rule interpreting section 954 states:

"[A] verdict of conviction on one count which appears inconsistent with a verdict of acquittal on another count '. . . shall afford no basis for a reversal where the evidence is sufficient to support the conclusion that the defendant is guilty of the offense of which he stands convicted.' " (*People* v. *Hamilton* (1978) 80 Cal.App.3d 124, 130 [145 Cal.Rptr. 429], citing *In re Johnston* (1935) 3 Cal.2d 32, 36 [43 P.2d 541].)

"However, there is a limited judicial *exception* to this rule where all of the essential elements of the crime of which the defendant was acquitted are identical to some or all of the essential elements of the crime of which he was convicted, and proof of the crime of which the defendant was acquitted is necessary to sustain a conviction of the crime of which the defendant was found guilty. [Citations.]" (*People* v. *Hamilton, supra*, 80 Cal.App.3d at p. 130, italics added.)

Although section 954 allows inconsistent verdicts to stand, courts prefer finding verdicts are not inconsistent. In *People* v. *Persky* (1959) 167 Cal.App.2d 134 [334 P.2d 219], defendant was charged, in part, in count 1 of taking "an equity of the value of $465.00 in a 1955 Studebaker automobile" and in count 2 of taking "one 1955 Studebaker automobile." The jurors were instructed that if they found the defendant guilty, he could only be guilty of count 1 or count 2, but not both; they returned a verdict of guilty on count 2 and not guilty on count 1. (*Id.* at p. 140.)

Persky appealed on the ground the verdict was inconsistent. The court found there was no inconsistency because the elements of the offense in count 1, the taking of an *equitable right*, were different from the elements of the offense charged in count 2, the taking of *legal title* to the car. (*Persky,*

---

[4]Section 954 states, in pertinent part: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense . . . under separate counts, . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged, . . . An acquittal of one or more counts shall not be deemed a[n] acquittal of any other count."

*supra*, 167 Cal.App.2d at p. 141.) Relying on section 954, the court maintained a finding of not guilty on count 1 cannot be deemed an acquittal on count 2. (167 Cal.App.2d at p. 141; see also *People* v. *Federico* (1981) 127 Cal.App.3d 20 [179 Cal.Rptr. 315] [where victim was shot to death, verdict of guilty on charge of murder is not inconsistent with finding of not guilty on charge of using a firearm in the commission of the murder].)

The "question of identity of offenses charged in the same information or indictment is no longer determinative of the propriety of the verdicts; though actually inconsistent, section 954 sustains them . . . even if they are inconsistent in fact." (*People* v. *Witzel* (1957) 155 Cal.App.2d 486, 491-492 [318 P.2d 136].) "It is to be remembered that this case presents only a problem in procedure. Any apparent injustice growing out of the quoted rule is obviated by application after [the] verdict of" section 654. (155 Cal.App.2d at p. 492.)

Application of the exception to the general rule allowing inconsistent verdicts was reviewed in *People* v. *Pahl* (1991) 226 Cal.App.3d 1651 [277 Cal.Rptr. 656]. The court concluded the exception has been narrowly limited to conspiracy cases, applying only where "an overt act alleged in a conspiracy charge is identical to another charged offense of which defendant is acquitted." (*Id.* at p. 1658.) For example, where a defendant is charged in one count with burglary and in another count with conspiracy to commit burglary, a finding of not guilty of burglary is inconsistent with a finding of guilty on the conspiracy charge. In this example, the exception to allowing inconsistent verdicts would apply and the conspiracy conviction would not stand.

■ Here, counts 2 and 5 are squarely within the exception to allowing inconsistent verdicts under section 954. The elements of both counts are identical. Nevertheless, the charge in count 2 does not depend on a finding of guilty on charge 5 in the same way a conspiracy charge depends on the finding of an overt act. We find the exception does not apply here because section 954 does not apply to this case.

Section 954 states "[a]n accusatory pleading may charge two or more . . . *different* statements of the same offense . . . ." (Italics added.) Section 954 anticipates the occurrence of inconsistent verdicts as a result of acquittal or conviction on each of several alternative pleadings. We are unable to find support for the contention section 954 contemplates an accusatory pleading charging two *identical* statements of the same offense. Clearly, the lower court's finding of guilty on count 2 and not guilty on count 5 is contradictory. However, we are unable to agree with Polowicz that the decision in this case is the kind of legal inconsistency contemplated by section 954.

### III

We resolve this case by considering the trial record. After the closing arguments were completed, the prosecutor brought the duplication of counts 2 and 5 to the court's attention:

"The Court:   Did you want to address before you submit the question I had earlier with regard to what relates to what counts [*sic*]?"

"Mr. Lamborn (Deputy District Attorney):   Yes, Your Honor. Your Honor, obviously all these counts were listed the date each charge was ascribed to. One of the dates where there was a release to Mr. Polowicz for which we couldn't find a sale and that is how we charge count one through five [*sic*]."

"There is a confusion as to count two and five, they both charge May 8th —I am sorry, one moment, May 8th, Your Honor. And that was a confusion, I will submit that to the court. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The Court:   Okay. [¶] Mr. Blakely, anything additional you want to add?

"Mr. Blakely (Attorney for Defendant):   No, Your Honor, thank you. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The Court: . . . As far as count five is concerned, it seems to me that is a duplication of count two and I will find the defendant not guilty of count five.

"That brings into play, then, count one through four and the issues there are: Did Mr. Polowicz receive shrimp. The answer is unequivocally yes, and that is substantiated . . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"[T]his is not a question of where the probability of truth lies but rather a question of proof beyond a reasonable doubt. And I have to be satisfied beyond a reasonable doubt and to a moral certainty that not only there was an intent to steal but there was an actual taking and transportation of the property by Mr. Polowicz.

"As to count five, I have already indicated my determination that there is a finding of not guilty.

"With regard to count one, that is relating to Exhibits No. 16, that is the two [cases of] U-15 shrimp and the 16/20 shrimp for May 1st, I find the defendant not guilty. I am not persuaded beyond a reasonable doubt that there was a theft.

"With regard to count two, that is the People's No. 17 which relates to the shrimp delivered to 5-8, I find the defendant guilty of that count. I am persuaded beyond a reasonable doubt that that theft occurred.

"With regard to count three, I find the defendant guilty of that count, finding that there is proof beyond a reasonable doubt as to each element of the offense as in count two.

"With regard to count four, I find the defendant not guilty because I don't find any purpose in the theft or any proof of a theft there.

"So the defendant will be found guilty of counts two and three; not guilty of one, four and five."

The trial court stated "count five [seems to be] a duplication of count two and I will find the defendant not guilty of count five." Polowicz contends a verdict of "not guilty" on count 5 cannot be impeached.

■ We believe that if the trial court intended to find Polowicz not guilty on count 5, the court would have subsequently made the same finding on count 2. However, moments after stating Polowicz was not guilty on count 5, the court found Polowicz guilty of count 2 "beyond a reasonable doubt." Our review of the record suggests the trial court intended to eliminate the duplicative count 5 from further consideration. Count 5 was superfluous to the information and the court would have been correct to dismiss count 5 from consideration. In fact, the trial court treated count 5 separately from the other counts and stated count 5 was a duplication of count 2. After dispensing with count 5, the court ruled on counts 1-4 sequentially, in numerical order. In rendering its decision on counts 1-4, the court either referred to the relevant evidence supporting the judgment or provided the reasoning for its decision. In addition, the court found Polowicz guilty on counts 2 and 3 "beyond a reasonable doubt." While recitation of the standard is unnecessary to rendition of the judgment, we note the court, prior to ruling, expressly asserted, "I have to be satisfied beyond a reasonable doubt." In reciting the standard, the court demonstrated a clear intention of finding Polowicz guilty on count 2, as well as count 3.

In *United States* v. *Scott* (1978) 437 U.S. 82, 96 [57 L.Ed.2d 65, 77, 98 S.Ct. 2187], the United States Supreme Court noted " 'the trial judge's

characterization of his own action cannot control the classification of the action.' [Citation.]" "[A] defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.' [Citation.]" (*Scott, supra,* 437 U.S. at p. 97 [57 L.Ed.2d at p. 78].)

While the facts in *Scott* are distinguishable from this case, the court's analysis in *Scott* is instructive. In *Scott,* defendant moved both before and during trial for dismissal of counts 1 and 2 of an indictment on the grounds of prejudice due to preindictment delay. (*Scott, supra,* 437 U.S. at p. 84 [57 L.Ed.2d at pp. 69-70].) At the close of all the evidence, the court granted Scott's motion and dismissed count 1 for preindictment delay; the court did not state the reason for dismissing count 2. The government's appeal on the dismissal of counts 1 and 2 was dismissed as barred by the double jeopardy doctrine. (*Ibid.*) The Supreme Court reversed, finding the lower court's dismissal of count 1 was not based on the government's failure to produce sufficient evidence to establish the defendant's guilt. (*Id.* at p. 95 [57 L.Ed.2d at pp. 76-77].) "[A] defendant who has been released by a court for reasons required by the Constitution or laws, but which are unrelated to factual guilt or innocence, has not been determined to be innocent in any sense of that word . . . ." (*Id.* at p. 98, fn. 11 [57 L.Ed.2d at p. 79].)

As in *Scott,* we are presented with:

"[A] picture of a defendant who chooses to avoid conviction and imprisonment, not because of his assertion that the Government has failed to make out a case against him, but because of a legal claim that the Government's case against him must fail even though it might satisfy the trier of fact that he was guilty beyond a reasonable doubt." (*Scott, supra,* 437 U.S. at p. 96 [57 L.Ed.2d at p. 77].) Scott was "acquitted," not on the evidence, but on a "legal claim" of preindictment delay. Here, Polowicz was "acquitted" on count 5, not because the evidence did not support his conviction, but because count 5 was a duplication of count 2.

We determine the trial court eliminated count 5 as a duplication and unequivocally found Polowicz guilty on count 2.

IV

The function of an information is to provide the defendant with sufficient notice of the charge he must meet at trial. (See *People v. Codina* (1947) 30 Cal.2d 356, 359 [181 P.2d 881]; *People v. Brac* (1946) 73 Cal.App.2d 629, 634-635 [167 P.2d 535]; *People v. Washington* (1971) 17

Cal.App.3d 470, 475 [94 Cal.Rptr. 882], overruled on other grounds in *People* v. *Najera* (1972) 8 Cal.3d 504, 509, fn. 4 [105 Cal.Rptr. 345, 503 P.2d 1353].)

█ "Any uncertainty in the pleading amounts to no more than a defect of form, which should be attacked by demurrer under Pen. Code section 1004.[5] Failure to demur to an information on the ground of uncertainty constitutes a waiver[6] of the objection [citations], and the validity of a subsequent judgment is not affected. (Pen. Code, § 960.)" (*People* v. *Washington, supra,* 17 Cal.App.3d at p. 475.) The waiver rule promotes efficiency and conserves judicial resources by allowing correction of pleading defects prior to trial and prevents a defendant " 'from speculating on the result of the trial and raising the objection after an unfavorable verdict.' " (*People* v. *Jennings* (1991) 53 Cal.3d 334, 357 [279 Cal.Rptr. 780, 807 P.2d 1009].)

█ Here, the record is remarkable as to Polowicz's failure to object to the duplicate counts during trial. Initially, Polowicz failed to demur to the defective information prior to trial. At the close of trial, prior to the court's ruling, Polowicz made no comment when the People's attorney brought the duplication to the court's attention. Later, Polowicz did not request a dismissal of count 2 after the trial court stated he was "not guilty" on count 5. Finally, Polowicz did not bring the error to the trial court's attention at the time the court pronounced judgment.

"As stated in *People* v. *Perfetti* (1928) 88 Cal.App. 609, 616 [citation], 'after sitting still and taking chances on the verdict of the jury, he cannot now come into this court and urge that sections 950, 951, and 952 of the Penal Code . . . were not complied with.' " (*People* v. *Atwood* (1963) 223 Cal.App.2d 316, 324 [35 Cal.Rptr. 831].) The language of either count 2 or count 5 provided sufficient notice to Polowicz of the charge against him. Polowicz did not assert the duplication of counts 2 and 5 created an uncertainty constituting defective notice as to the charges against him and, if such an uncertainty was created, Polowicz has since waived the right to have the defect rectified. █ "It is the law that even a defective information or indictment will not result in a reversal unless a substantial right of the

---

[5]Section 1004 states, in pertinent part: "The defendant may demur to the accusatory pleading at any time prior to the entry of a plea, when it appears upon the face thereof either: . . . [¶] 2. That it does not substantially conform to the provisions of Sections 950 and 952, and also Section 951 in case of an indictment or information; . . ."

[6]Section 1012 states: "When any of the objections mentioned in Section 1004 appears on the face of the accusatory pleading, it can be taken only by demurrer, and failure so to take it shall be deemed a waiver thereof, except that the objection to the jurisdiction of the court and the objection that the facts stated do not constitute a public offense may be taken by motion in arrest of judgment."

accused on the merits is adversely affected." (*People* v. *Leiva* (1955) 134 Cal.App.2d 100, 102-103 [285 P.2d 46].)

██ In *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243], the California Supreme Court stated:

" [A] 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error. "

██ We have examined " 'the entire cause, including the evidence.' " (*People* v. *Watson, supra,* 46 Cal.2d 818, 836.) In light of the record, we are convinced Polowicz would not have received a more favorable judgment had counts 2 and 5 not been duplicated in the information. The evidence supports the finding of guilty on count 2, and Polowicz does not contend otherwise. Furthermore, we have no reason to believe Polowicz would have prepared his case any differently if only count 2 or count 5 had been charged. Accordingly, we find the duplication of counts 2 and 5 in the information was harmless error and did not prejudice Polowicz.

We are drawn to the sentiment expressed by our Supreme Court in determining whether to reverse a mistaken jury verdict: "We are confronted here with a factual situation worthy of Abbott and Costello . . . . 'After giving this matter much consideration, we have come to the conclusion that we should do nothing.' " (*People* v. *Romero* (1982) 31 Cal.3d 685, 687 [183 Cal.Rptr. 663, 646 P.2d 824], quoting *People* v. *Williams* (1968) 264 Cal.App.2d 885, 889 [70 Cal.Rptr. 882].)

DISPOSITION

Affirmed.

Kremer, P. J., and Huffman, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 23, 1992.