Filed 6/12/14  P. v. Cordova CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058239 |
| v. | (Super.Ct.No. FVA1100476) |
| RAYMOND CORDOVA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed with directions.

Brett Harding Duxbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood, Meagan J. Beale and Stacy A. Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant Raymond Cordova guilty of attempted murder and rendered true findings that he personally used and discharged a firearm, and inflicted great bodily injury on his victim. The trial court sentenced defendant to nine years in state prison for the attempted murder conviction and imposed a consecutive sentence of 25 years to life for the firearm discharge and great bodily injury findings under Penal Code[1] section 12022.53, subdivisions (d) and (e)(1).

Defendant's sole argument on appeal is that he did not receive constitutionally adequate notice that he might be sentenced to 25 years to life for personally discharging a firearm and causing great bodily injury because the felony information alleged that a "principal" discharged a firearm and did not specifically allege that he personally did so, and because the information contained erroneous gang allegations. The People respond that defendant received adequate notice, and that in any event defendant forfeited his challenge on appeal because he did not object to the alleged inadequacy in the information.

We conclude defendant received adequate notice that he might be sentenced to 25 years to life for personally discharging a firearm and causing great bodily injury, notwithstanding uncertainty in the information. We also agree with the People that defendant should have objected to the uncertainty in the information either before trial or after the trial court properly instructed the jury that defendant was alleged to have personally discharged a firearm and to have caused great bodily injury. Because

_____

[1] All further statutory references are to the Penal Code.

defendant did not object, we conclude he forfeited his argument on appeal and we affirm the judgment.

## I.

## PROCEDURAL BACKGROUND[2]

By felony complaint, the People charged defendant with one count of attempted murder (§§ 664, 187, subd. (a)) and one count of active participation in a criminal street gang (§ 186.22, subd. (a)). With respect to the attempted murder count, the People alleged the crime was a serious felony (§ 1192.7, subd. (c)) and a violent felony (§ 667.5, subd. (c)). The People also alleged that defendant committed the attempted murder for the benefit of, at the direction of, or in association with a criminal street gang and with the specific intent to promote, further, or assist in criminal conduct by members of a criminal street gang (§ 186.22, subd. (b)(1)(C)); that a principal personally discharged a firearm, causing great bodily injury (§ 12022.53, subds. (d), (e)(1)); that a principal personally discharged a firearm (§ 12022.53, subds. (c), (e)(1)); and that a principal personally used a firearm (§ 12022.53, subds. (b), (e)(1)).

At defendant's July 2, 2012, preliminary examination, the People informed the magistrate they would no longer be proceeding against defendant on the substantive gang charge or on the gang enhancement. The magistrate held defendant over for trial on the attempted murder count and ruled that "the personal and intentional discharge of a

---

[2] A discussion of the facts of the underlying offense is not necessary to resolve the issues on appeal.

firearm also was established . . . ." The People filed an information charging defendant with the sole count of attempted murder and again alleged that the attempted murder constituted a serious and violent felony; that a "principal" personally discharged a firearm and proximately caused great bodily injury to the victim; that a "principal" personally discharged a firearm; and that a "principal" personally used a firearm.

At a trial readiness conference held on January 11, 2013, defendant informed the trial court that he wished to make a *Marsden*[3] motion. In open court and during the closed hearing on his motion, defendant indicated his understanding that he was facing a sentence of 25 years. The trial court denied the motion.

Before trial, the People filed an amended information, which included the attempted murder count and the same firearm allegations against a "principal." In addition, the amended information alleged that, in the commission of the attempted murder, "defendant(s) Raymond Cordova personally used a firearm(s)" within the meaning of sections 1203.06, subdivision (a)(1) and 12022.5, subdivision (a), and that "defendant(s) Raymond Cordova personally inflicted great bodily injury" on the victim within the meaning of section 12022.7, subdivision (a).

During trial, the parties discussed jury instructions with the trial judge in chambers. Before reading the instructions to the jury, the judge asked the prosecutor and defendant's appointed attorney if they had any objections to the instructions and both attorneys submitted. The trial judge instructed the jury, "It is alleged as to Count 1 that

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

4

the defendant, Raymond Cordova, personally used a firearm," that "defendant, Raymond Cordova, personally discharged a firearm," that "defendant, Raymond Cordova, personally discharged a firearm causing great bodily injury," and that "defendant, Raymond Cordova, personally inflicted great bodily injury upon" the victim. The judge instructed the jury that for each allegation it had to enter a finding of true or not true, and that if it found defendant guilty on the sole count of attempted murder it then had to decide whether the People proved the allegations that defendant "personally used a firearm," that he "personally and intentionally discharged a firearm during that crime and, if so, whether the defendant's act caused great bodily injury," and that he "personally inflicted great bodily injury" upon the victim.

The jury found defendant guilty on the sole count of attempted murder and rendered true findings on all of the special allegations. The trial court sentenced defendant to the upper term of nine years in state prison for the attempted murder conviction, and imposed a consecutive sentence of 25 years to life pursuant to section 12022.53, subdivisions (d) and (e)(1) for the true finding that defendant personally and intentionally discharged a firearm and caused great bodily injury. The court stayed the sentence on the remaining true findings of causing great bodily injury and personally using a firearm.

Defendant timely appealed.

5

## II.

## DISCUSSION

Defendant contends the amended information did not provide him with constitutionally adequate notice that he might be sentenced to 25 years to life because it alleged that a "principal" personally discharged a firearm and caused great bodily injury, and because the reference to subdivision (e)(1) of section 12022.53 showed the People were seeking to impose vicarious responsibility based on gang affiliations that were never proven. The People contend the information provided defendant with adequate notice because the term "principal" includes defendant and that inclusion of the gang subdivision was superfluous. In the alternative, the People contend the defendant was provided with sufficient notice of the sentence he faced through the instructions read to the jury, and he forfeited his challenge on appeal by not objecting to the information.

We conclude the amended information was uncertain and by itself probably did not provide defendant with constitutionally adequate notice. However, we hold defendant did, in fact, have adequate notice that he faced a sentence of 25 years to life for personally and intentionally discharging a firearm and causing great bodily injury and, therefore, he has not established a due process violation. We also hold that by not demurring to the amended information or objecting to the jury instructions, which did not conform to the amended information, defendant forfeited his appellate challenge.

Initially, we note that the issue in this case is not whether the defendant's due process rights were violated because he received a sentence enhancement that was never pleaded. The decisions in *People v. Mancebo* (2002) 27 Cal.4th 735 (*Mancebo*) and

6

*People v. Botello* (2010) 183 Cal.App.4th 1014 (*Botello*), on which defendant relies, are therefore not on point because the defendants in those cases were subjected to sentence enhancements that were not pleaded in the accusatory pleading. (*Mancebo*, at p. 740; *Botello*, at pp. 1021-1022.)

A.

## THE AMENDED INFORMATION WAS UNCERTAIN

Enhancements for personal use of or discharge of a firearm "shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (§ 12022.53, subd. (j); see also § 1170.1, subd. (e).) "'[I]n addition to the statutory requirements that enhancement provisions be pleaded and proven, a defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes.' [Citation.]" (*In re Varnell* (2003) 30 Cal.4th 1132, 1143, italics omitted.)

An accusatory pleading must state the charges and special allegations "in ordinary and concise language" sufficient to provide the defendant with "notice of the offense of which he is accused." (§ 952.) The words in an accusatory pleading must be given "their usual acceptance in common language" except for words "defined by law, which are construed according to their legal meaning." (§ 957.) As pertinent here, "principal" has a specific legal definition apart from its ordinary meaning. A principal is defined as any person "concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its

7

commission, or, not being present, have advised and encouraged its commission . . . ." (§ 31.)

Section 12022.53, which applies to attempted murder (*id*. at subd. (a)(1), (18)), provides for graduated sentencing enhancements for the use of a firearm in the commission of specified crimes. If applicable, section 12022.53 mandates an additional sentence of 10 years in state prison if the defendant personally used a firearm (*id*. at subd. (b)), 20 years in state prison if he personally and intentionally discharged a firearm (*id*. at subd. (c)), and 25 years to life in state prison if he personally and intentionally discharged a firearm, and proximately caused great bodily injury (*id*. at subd. (d)). These sentence enhancements are also applicable to a "principal" in the commission of the underlying crime if the People plead and prove: (1) the "principal" is guilty of committing the offense for the benefit of, at the direction of, or in association with a criminal street gang, and with the specific intent to promote, further, or assist in criminal activity of gang members, in violation of section 186.22, subdivision (b); and (2) any "principal" involved in the commission of the underlying crime personally used a firearm, personally and intentionally discharged a firearm, or personally and intentionally discharged a firearm and caused great bodily injury. (§ 12022.53, subd. (e)(1)(A), (B).)

We conclude the operative accusatory pleading in this case is uncertain on its face. In both the original and amended informations, the allegations of personal use of and discharge of a firearm under section 12022.53 referred to an unnamed "principal," whereas the two additional allegations added when the information was amended referred to defendant by name. Moreover, the allegations of personal use of and discharge of a

8

firearm resulting in great bodily injury referred to subdivisions (d) *and* (e)(1) of section 12022.53.  Reference to subdivision (d) was uncontroversial, but the reference to subdivision (e)(1)—which is limited to use and discharge of a firearm in the commission of crimes committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 12022.53, subd. (e)(1)(A))—was clearly an error in drafting because the People had already expressly disavowed any intention of proceeding on gang charges or enhancements and presented no gang evidence whatsoever.  Although defendant fell within the broad definition of a "principal" found in section 31, the People's failure to strike the designation of "principal" in the amended information and to specifically name defendant was confusing.

Although we conclude the amended information was uncertain, and by itself probably would not have provided defendant with adequate notice that he faced a sentence of 25 years to life for personally discharging a firearm and causing great bodily injury, in the next section we conclude defendant did ultimately have constitutionally adequate notice that he faced that sentence enhancement.  We also hold in the next section that defendant forfeited an appellate challenge to any uncertainty in the amended information by not demurring to it or objecting that the jury instructions did not conform to the amended information.

B.

DEFENDANT RECEIVED ADEQUATE NOTICE THAT HE FACED A SENTENCE
OF 25 YEARS TO LIFE FOR PERSONALLY DISCHARGING A FIREARM AND
CAUSING GREAT BODILY INJURY, AND HE FORFEITED HIS OBJECTIONS TO
THE UNCERTAINTY IN THE AMENDED INFORMATION

A defendant's remedy for uncertainty and inadequate notice in the accusatory pleading is to demur.  (§ 1004; *People v. Ramirez* (2003) 109 Cal.App.4th 992, 997; *People v. Hathaway* (1972) 27 Cal.App.3d 586, 594.)  Failure to timely object to the uncertainty by demurrer constitutes a forfeiture of the objection on appeal.  (*People v. Holt* (1997) 15 Cal.4th 619, 672; *People v. Jennings* (1991) 53 Cal.3d 334, 356; *People v. Polowicz* (1992) 5 Cal.App.4th 1082, 1094.)

We agree with the People that the decision in *People v. Houston* (2012) 54 Cal.4th 1186 (*Houston*) is controlling.  There, the defendant argued the trial court improperly sentenced him to life in prison on 10 attempted murder counts because the indictment did not allege that the attempted murders were willful, deliberate, and premeditated.  (*Id*. at pp. 1225-1226.)  During a discussion with counsel about verdict forms, the trial court presented drafts in which the jury would be asked to determine whether the attempted murders were willful, deliberate, and premeditated, which, the trial court explained, would be punished by life imprisonment.  (*Id*. at p. 1226.)  Later, the trial court informed the parties that it intended to provide the jury with a verdict form that separately listed deliberate and premeditated murder as a special finding, and the court instructed the jury

10

accordingly. (*Ibid*.) At no time did the defendant object to the trial court's instructions or verdict forms. (*Ibid*.)

On appeal, the People conceded the indictment did not plead that the attempted murders were deliberate and premeditated but argued the defendant forfeited his challenge on appeal. (*Houston*, *supra*, 54 Cal.4th at p. 1226.) The Supreme Court agreed with the People, and rejected the defendant's assertion that he was not provided with sufficient notice of the sentences he faced. Because the trial court expressly discussed with the defendant and his attorney the jury instructions and verdict forms on willful, deliberate, and premeditated murder, and the trial court stated on the record that guilty verdicts would result in a life sentence, the Supreme Court held the defendant was not deprived of his due process right to adequate notice that he might be sentenced to life in prison. (*Id*. at pp. 1227-1228.) And because the defendant did not timely object to the verdict forms and jury instructions, the defendant forfeited on appeal any claim that the verdict forms and jury instructions did not conform to the indictment. (*Ibid*.)

Applying *Houston* to this case, we conclude that, notwithstanding the uncertainty in the amended information, defendant received constitutionally adequate notice that he faced a sentence enhancement of 25 years to life for personally discharging a firearm and causing great bodily injury. Before and during his *Marsden* hearing, defendant stated his understanding that he was looking at a sentence of 25 years yet he did not object to the uncertainty in the amended information by demurring to it or by otherwise objecting. As noted, the trial judge instructed the jury that the People alleged that "*defendant*, *Raymond Cordova*, personally used a firearm," that "*defendant*, *Raymond Cordova*, personally

11

discharged a firearm," that "*defendant, Raymond Cordova*, personally discharged a firearm causing great bodily injury," and that "*defendant, Raymond Cordova*, personally inflicted great bodily injury upon" the victim. (Italics added.) The judge also instructed the jury that, if it found defendant guilty on the sole count of attempted murder, it had to decide whether "*defendant* personally used a firearm," whether "*defendant* personally and intentionally discharged a firearm during that crime and, if so, whether *the defendant's* act caused great bodily injury," and whether "*defendant* personally inflicted great bodily injury" upon the victim. (Italics added.) From these instructions, and from defendant's own statements, we conclude defendant received the constitutional notice of which he was entitled.

We also conclude defendant forfeited his challenge on appeal. At no time did defendant demur to the amended information as uncertain or object to the jury instructions as not conforming to the allegations in the information. Had defendant timely demurred or objected, the trial court could have fashioned an appropriate remedy. (*Houston*, *supra*, 54 Cal.4th at pp. 1227-1228.) He cannot wait until now to object.

We are not convinced by defendant's argument that *Houston* is limited to its facts and that the Supreme Court did not decide whether appellate forfeiture may be found in the absence of some statement by the trial court of what punishment the defendant might face. The court in *Houston* stated it had no occasion to decide whether the Court of Appeal in *People v. Arias* (2010) 182 Cal.App.4th 1009 erred by finding *no appellate forfeiture* where the record was unclear if the trial court addressed the defendant's potential punishment while discussing jury instructions and verdict forms. (*Houston*,

12

*supra*, 54 Cal.4th at p. 1229.) *Houston* did not expressly hold that forfeiture may only be found under such circumstances, and merely stated it found forfeiture on the facts before it. (*Ibid.*) The *Houston* court's reliance on *People v. Bright* (1996) 12 Cal.4th 652 (*Bright*) is telling (*Houston*, at pp. 1226-1227) because, in *Bright*, there was no discussion of potential punishment before the jury was instructed yet the court there found a similar forfeiture (*Bright*, at pp. 656, 658-660, 670-671, overruled on another point by *People v. Seel* (2004) 34 Cal.4th 535, 550, fn. 6).

Even if forfeiture under *Houston* may only be found when there is some discussion on the record of what punishment the defendant might face, the circumstances of this case are sufficiently similar. True, unlike in *Houston*, the trial court did not inform defendant of the sentence he faced on the firearm use and discharge allegations. But defendant's own statements show he was aware that he faced a sentence of 25 years to life. Although defendant only stated on the record that he was facing 25 years, and he did not expressly state he was facing 25 years *to life*, it is clear he was speaking in shorthand. Once the gang allegations were off the table, the only way defendant could have faced a sentence of 25 years was if the jury found true the allegations that he personally used a firearm and caused great bodily injury, for which defendant would be sentenced to 25 years to life. Finally, the jury instructions—to which he interposed no objections—clearly indicated that such punishment would be imposed only if the jury concluded defendant personally and intentionally discharged a firearm and caused great bodily injury. An additional statement from the trial court would have added nothing to defendant's knowledge and notice of what punishment he faced.

13

In his reply brief, defendant contends his statements on the record that he faced 25 years merely referred to his understanding that the People were alleging a vicarious gang enhancement under section 12022.53, subdivision (e)(1). We are not persuaded because defendant made those statements almost seven months after the prosecution expressly informed him that it would not be pursuing any gang charges or enhancements, and any remaining confusion defendant may have had after hearing the jury instructions should have been addressed at that time.

C.

THE MINUTE ORDER OF SENTENCING AND ABSTRACT OF

JUDGMENT MUST BE CORRECTED

The People contend, and defendant does not dispute, that if imposition of the enhancement under section 12022.53, subdivision (d), is affirmed, the record must be corrected to remove the superfluous reference to subdivision (e)(1). We agree and direct the clerk of the superior court to correct the March 27, 2013 minute order from sentencing and the abstract of judgment to remove the reference to subdivision (e)(1) of section 12022.53.[4]

---

[4] Because we now direct the minute order and abstract of judgment to be corrected, we deny the People's additional request that we order the transcript of the oral proceedings to be similarly corrected.

In addition, contrary to the reporter's transcript, the March 27, 2013 minute order states the trial court struck the section 12022.5, subdivision (a), personal firearm use allegation and suspended sentence on the remaining great bodily injury and firearm use allegations, pursuant to section 12022.53, subdivision (f). The trial court lacked authority to strike the section 12022.5, subdivision (a), enhancement or to suspend imposition or execution of sentence on the true findings under section 12022.53, subdivisions (b) and (c). (§§ 12022.5, subd. (c), 12022.53, subd. (g).) Instead, the court properly imposed then stayed the enhancements. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1129-1130.) On our own motion, we direct the clerk of the superior court to correct the minute order to conform to the oral pronouncement of sentence. (See *People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3.)

## III.

## DISPOSITION

The clerk of the superior court is directed to correct the minute order from defendant's sentencing and the abstract of judgment to remove the references to subdivision (e)(1) of section 12022.53 and to indicate the trial court stayed the sentence on the firearm and great bodily injury enhancements found true under sections 12022.5, subdivision (a), 12022.53, subdivisions (b) and (c), and 12022.7, subdivision (a).

15

The clerk of the superior court is further directed to forward the corrected minute order and abstract of judgment to the Department of Corrections and Rehabilitation.  As corrected, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
                                                                                                J.

We concur:


HOLLENHORST
          Acting P. J.


KING
                    J.

16