EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CELESTINO LÓPEZ CARRILLO, acusado y apelante.

*Número*: CR-72-115      *Resuelto*: 16 de marzo de 1973

*Manuel López Carrillo,* abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue acusado por un delito de homicidio involuntario, por el delito de conducir un vehículo de motor en estado de embriaguez (Sec. 5–801 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1041) y por una infracción de la Sec. 4-101 de la Ley de Vehículos y Tránsito (9 L.P.R.A. sec. 781) que castiga al conductor de un vehículo envuelto en un accidente que no se detenga a prestar ayuda a los heridos. El jurado declaró culpable al acusado del delito de homicidio involuntario por votación de once a uno. El juez lo declaró culpable del delito de manejar un vehículo en estado de embriaguez y lo absolvió en el caso por la infracción a la Sec. 4-101 de la Ley de Vehículos y Tránsito; y fue senten-.

ciado a cumplir dos años de cárcel y dos años de suspensión de la licencia de conductor en el caso de homicidio involuntario; y un mes de cárcel y un año de suspensión de la licencia de conducir en el caso de embriaguez. Las penas de cárcel serían concurrentes y las suspensiones de la licencia de conductor consecutivas.

■ El apelante señala en su alegato dos errores como cometidos por el tribunal sentenciador. El primero consiste en haber condenado al acusado por el delito de guiar en estado de embriaguez, cuando ya había sido condenado por los mismos hechos en el caso de homicidio involuntario en cuyas alegaciones se incluyó como negligencia el guiar en estado de embriaguez. Invoca el caso de *González* v. *Tribunal Superior*, 100 D.P.R. 136 (1971).

■ No tiene razón. El apelante fue acusado y convicto de los delitos de homicidio involuntario y de conducir un vehículo de motor bajo los efectos de bebidas embriagantes. Distinto a *González*, supra, no se trata aquí de un solo acto u omisión criminal, ni de un solo e indivisible hecho esencial. Una convicción por manejar en estado de embriaguez no requiere una determinación de que se dio muerte a un ser humano al realizarse un acto ilegal o un acto legal sin la debida prudencia y circunspección; y una convicción por el delito de homicidio involuntario no necesariamente implica o requiere una determinación de que se conducía el vehículo en estado de embriaguez. Véanse *Pueblo* v. *López Vera*, 101 D.P.R. 37 (1973); *People* v. *Trantham*, 74 P.2d 851 (Calif. 1937). El hecho de que se alegara en la acusación radicada contra el apelante que éste se encontraba bajo los efectos de bebidas embriagantes, no significa que ese fuera el acto ilegal que produjo la muerte ilegal y que estableció el delito de homicidio involuntario. En la acusación se alegó, además, que el apelante condujo el vehículo en forma descuidada, sin guardar la debida prudencia y circunspección, con negligencia y descuido y desatendiendo las condiciones del camino en cuanto al ancho, tránsito,

uso y visibilidad. El Art. 203 del Código Penal (33 L.P.R.A. sec. 635) no exige la concurrencia de todas las formas ilegales de actuar o conducir para que se produzca la muerte ilegal; basta que ocurra cuando se realice un acto ilegal de la naturaleza a que se refiere dicho artículo. *Pueblo* v. *Matos Pretto*, 93 D.P.R. 113 (1966); *Pueblo* v. *Cortés Calero*, 99 D.P.R. 679 (1971).

■ El delito de homicidio involuntario que se le imputó al apelante requería prueba de hechos adicionales a los requeridos por la Sec. 5-801 de la Ley de Vehículos y Tránsito que castiga el acto de conducir un vehículo de motor bajo los efectos de bebidas embriagantes. Se trata de dos actos criminales separados y distintos que no constituyen un solo e indivisible hecho. Por lo expuesto, no procede aplicar la norma del Art. 44 del Código Penal, ni la norma adoptada en *González* v. *Tribunal Superior*, supra.

En el segundo señalamiento de error se alega que el veredicto rendido en el caso de homicidio involuntario es contrario a la prueba y a derecho.

■ Hemos examinado la prueba. La misma, de ser creída, como lo fue, por el jurado, es suficiente para determinar que el acusado conducía su vehículo mientras se encontraba bajo los efectos de bebidas embriagantes, sin guardar la debida prudencia y circunspección, con negligencia y descuido y desatendiendo las condiciones del camino en cuanto al ancho, tránsito y visibilidad. Dicha prueba demostró que el apelante iba en su vehículo a una velocidad de 50 a 60 millas por hora, por una carretera con poco alumbrado, dando zigzags, con la cabeza recostada en el guía y que al llegar a un puente dio contra ambos lados de éste y al regresar a la derecha arrolló a la víctima, quien se encontraba parado en el paseo de peatones. El estado de embriaguez del acusado quedó demostrado mediante el análisis de sangre, el testimonio del policía Miguel Ángel Jurado y la propia prueba de defensa de donde surge que el acusado se había tomado tres cervezas horas

antes del accidente. Esta prueba es más que suficiente para probar los actos ilegales alegados.

El apelante alega que la víctima estaba en el medio de la carretera cuando recibió el impacto. No hay prueba alguna que sostenga esta argumentación.

Señala, además, el apelante que "el Tribunal Superior actuó ilegalmente cuando en las instrucciones habló ampliamente de la 'fuga' del acusado del sitio de los hechos como indicio de culpa, cuando el jurado determinara la culpabilidad en el homicidio."

Las instrucciones señaladas tan sólo instruían al jurado a pesar la prueba del supuesto abandono del lugar del accidente conjuntamente con la otra prueba desfilada, para ayudarse al determinar si existía una conciencia culpable por parte del acusado. Ver *Pueblo* v. *Hernández Justiniano*, 86 D.P.R. 793 (1962). No hubo actuación ilegal alguna de parte del tribunal sentenciador al impartir las instrucciones al respecto.

La prueba de cargo no fue contradictoria en las cuestiones esenciales del caso y, en caso de que lo hubiere sido, el jurado dirimió cualquier conflicto que pudo existir. No hay razón para alterar las determinaciones del juzgador de hechos. El veredicto está plenamente sostenido por la prueba que tuvo el jurado ante sí y, en consecuencia, no debe ser alterado en apelación.

*Se confirmarán las sentencias apeladas.*