EL PUEBLO DE PUERTO RICO, peticionario, *v.* ARMANDO VÉLEZ PUMAREJO, acusado y recurrido.

*Número:* O-82-414       *Resuelto:* 20 de octubre de 1982

*Miguel Pagán, Procurador General Interino,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados del peticionario; *Eric Milán Muñiz,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El día 3 de octubre de 1981 y en jurisdicción del Tribunal Superior de Puerto Rico, Sala de Aguadilla, ocurrió un accidente de tránsito entre dos vehículos de motor, uno conducido por el aquí acusado-recurrido, Armando Vélez Pumarejo, y el otro conducido por Myrna Ramos Moll, quien falleció ese mismo día a consecuencia de las heridas recibidas en dicho accidente. Con motivo del mismo se radicaron tres (3) denuncias contra el mencionado señor Vélez Pumarejo: la primera de ellas, por una supuesta infracción del Art. 87 del Código Penal de Puerto Rico (delito grave); [1]

---

[1] La denuncia, en lo pertinente, expresa que: "El referido acusado, ARMANDO VELEZ PUMAREJO, allí y entonces, ilegal, voluntaria y criminalmente y en ocasión en que manejaba un vehículo de motor marca Chevrolet, modelo 1974, tablilla 13-A-887, que es un vehículo de motor, lo hacía por la carre-

la segunda, por supuestamente estar conduciendo, al momento del accidente, bajo los efectos de bebidas embriagantes —infracción de la Sec. 5-801 de la Ley de Vehículos y Tránsito de Puerto Rico; y la tercera y última denuncia por alegadamente conducir un vehículo de motor sin estar debidamente autorizado para ello —infracción de la Sec. 3-301 de la referida Ley de Vehículos y Tránsito de Puerto Rico.

Señalada la vista preliminar en relación con el delito por la supuesta infracción del Art. 87 del Código Penal, el imputado personalmente y por conducto de su abogado renunció por escrito a la celebración de la referida vista, por lo que el Tribunal de Distrito, Sala de Aguadilla, autorizó al Ministerio Fiscal a radicar contra Vélez Pumarejo la correspondiente acusación ante el Tribunal Superior de Puerto Rico, Sala de Aguadilla. El Ministerio Fiscal igualmente radicó acusación por las dos antes mencionadas supuestas infracciones de la Ley de Vehículos y Tránsito de Puerto Rico ante el referido Tribunal Superior, [2] celebrándose el acto de lectura de acusación en cuanto a todas y cada una de ellas.

Con posterioridad a dicho día, y antes de la celebración del correspondiente proceso, el Ministerio Público radicó una acusación enmendada en cuanto al Art. 87 del Código Penal de Puerto Rico. Dicha acusación enmendada, en lo pertinente, lee como sigue:

---

tera 459, que es una zona residencial en Aguadilla Puerto Rico, sin tener en cuenta el ancho, uso y tránsito y las condiciones de la carretera por la cual conducía y por la falta de circunspección o impericia en el manejo del vehículo, con negligencia crasa y temeraria le invadió el carril al vehículo marca Chevrolet, modelo 1980, tablilla 52-G-393, conducido por Myrna Ramos Moll, a quien impactó, produciéndole allí heridas a la conductora Myrna Ramos Moll, que fueron la causa directa de su muerte ocurrida el día 3 de octubre de 1981."

[2] Hoy día ambos delitos —tanto el de infracción de la Sec. 3-301 como el de la infracción de la Sec. 5-801— son de jurisdicción del Tribunal de Distrito, por lo que al radicarse la acusación ante el Tribunal Superior el imputado tiene derecho a juicio por Jurado. Véase Regla 111 de las de Procedimiento Criminal.

El referido imputado de delito, ARMANDO VELEZ PUMAREJO, allá en o para el día 3 de octubre de 1981, a las 6:50 a.m., en la Carr. 459, del kilómetro 2.4 de Aguadilla, Puerto Rico, que forma parte de la jurisdicción del Tribunal Superior de Puerto Rico, Sala de Aguadilla; ilegal, voluntaria, maliciosa y criminalmente y en ocasión en que manejaba un vehículo de motor marca Chevrolet, modelo 1974, tablilla número 13-A-887, que es un vehículo de motor, *lo hacía en estado de embriaguez y sin estar autorizado por el Departamento de Obras Públicas, División de Vehículos de Motor*, por la Carretera 459, que es una zona residencial, en Aguadilla, Puerto Rico, sin tener en cuenta el ancho, uso y condiciones y tránsito de la carretera por la cual conducía y por la falta de circunspección o impericia en el manejo del vehículo, con negligencia crasa y temeraria le invadió el carril al vehículo marca CHEVROLET, modelo 1980, tablilla 52-G-393, conducido por MYRNA RAMOS MOLL, a quien impactó, produciéndole allí heridas a la conductora MYRNA RAMOS MOLL, que fueron la causa directa de su muerte ocurrida el día 3 de octubre de 1981. (Énfasis suplido.)

Dicha acusación enmendada lee exactamente igual que la acusación que originalmente se radicara excepto que se le adicionó la frase de que: ". . . lo hacía en estado de embriaguez y sin estar autorizado por el Departamento de Obras Públicas, División de Vehículos de Motor. . . ."

El tribunal de instancia señaló un nuevo acto de lectura de acusación en cuanto a la acusación así enmendada. En dicho día, y posteriormente por moción escrita, el representante legal del imputado objetó dicha enmienda y solicitó del tribunal de instancia la devolución del caso al Tribunal de Distrito para la celebración de una nueva vista preliminar. En la moción por escrito que radicara alegó, en lo pertinente, como fundamento de su solicitud lo siguiente:

4. Que en este caso específico no se trata de una enmienda de forma y hasta podríamos decir que no se trata de la subsanación de un defecto sustancial toda vez que lo que se está haciendo es introduciendo un nuevo elemento que requeriría una determinación especial en vista preliminar. La determinación de si existe o no existe este elemento de embriaguez

podría ser razón para determinarse si se trata de un delito grave o de un delito menos grave.

Habiéndose opuesto a ello el Ministerio Público, el Tribunal Superior de Puerto Rico, Sala de Aguadilla, mediante resolución al efecto de fecha 14 de junio de 1982 resolvió que le asistía la razón a la defensa y en su consecuencia ordenó ". . . que la presente causa criminal sea archivada sin perjuicio que se pueda celebrar la correspondiente vista preliminar solicitada por el acusado". Como fundamentos de dicha decisión el citado tribunal expresó que:

Nada hay en las Reglas de Procedimiento Criminal que impida la celebración de una vista preliminar una vez radicada la acusación enmendada. La renuncia que hizo el acusado de una vista preliminar fue con anterioridad a la enmienda, por lo cual al radicarse una acusación enmendada cae bajo la sana discreción del Tribunal ordenar la celebración de una vista preliminar.

Al acusado lo ampara la presunción de inocencia y con ella el disfrute de todos los derechos procesales que proveen las Reglas de Procedimiento Criminal y la ley.

En nada se afecta el caso del Pueblo por el hecho de que el acusado, al radicársele una acusación enmendada, tenga el beneficio de la celebración de una vista preliminar.

Acudió ante nos el Procurador General de Puerto Rico en solicitud de que revoquemos la referida resolución por ser la misma improcedente en Derecho. Con fecha de 22 de julio de 1982 emitimos una resolución mediante la cual le concedimos al imputado Vélez Pumarejo el término de veinte días para que mostrara causa por la cual no debía ser revocada la resolución emitida por el tribunal de instancia.

El imputado ha comparecido. Alega, en síntesis, que la enmienda a los efectos de que el acusado conducía en estado de embriaguez ". . . no se trata de un defecto de forma ni sustancial, se trata de un agravante que nada tiene que ver en sí con los elementos de el delito de homicidio involuntario

y por el contrario resulta ser un elemento adicional que debe ser evaluado bajo los criterios de *Pueblo* v. *Figueroa Castro* en la vista preliminar".[3]

De entrada es de rigor señalar que nada hay en nuestro sistema de Derecho que impida que, en un caso como en el presente, el Ministerio Público en el descargo de sus responsabilidades como representante de El Pueblo de Puerto Rico en los procesos criminales radique una acusación contra el imputado en cuestión por una supuesta infracción de la Sec. 5-801 de la Ley de Vehículos y Tránsito de Puerto Rico (guiar bajo los efectos de bebidas embriagantes) y que alegue, en la acusación que radique en relación con el accidente en sí, que el imputado conducía el vehículo, al momento del accidente, bajo los efectos de bebidas embriagantes. Véanse: *Pueblo* v. *López Carrillo*, 101 D.P.R. 259 (1973); y *Pueblo* v. *López Vera*, 101 D.P.R. 37 (1973).

Al imputado Vélez Pumarejo se le imputa una infracción del Art. 87 del Código Penal de Puerto Rico. Dicho artículo estatuye que:

> Cuando en la muerte ocasionada por una persona al conducir un vehículo de motor mediare imprudencia crasa o temeraria, se impondrá pena de reclusión por un término fijo de tres (3) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dos (2) años.
>
> La imprudencia crasa o temeraria es aquella de tal naturaleza que demuestre un absoluto menosprecio de la seguridad de los demás bajo circunstancias que probablemente produzcan daños a éstos y no significa una mera falta de cuidado.

Como podemos notar, dicha sección de ley, a diferencia del Art. 86 del referido Código, establece un delito grave, razón por la cual se tiene derecho a la celebración de una

---

[3] 102 D.P.R. 279 (1974).

vista preliminar, la cual, como sabemos, puede ser renunciada por el imputado, siempre que dicha renuncia sea voluntaria e inteligente.

Hemos resuelto que "Los delitos declarados por los Arts. 86 y 87 del Código Penal comparten un elemento común de negligencia criminal y los diferencia el grado o intensidad de esa negligencia que es cuestión a estimar exclusivamente por el jurado juzgador de los hechos". *Pueblo* v. *Hernández Olmo*, 105 D.P.R. 237, 243 (1976).

En el presente caso el Ministerio Público le imputó, originalmente en la denuncia, al señor Vélez Pumarejo *como actos ilegales* constitutivos de esa "imprudencia crasa o temeraria" requerida por el citado Art. 87, el que manejaba el vehículo ". . . sin tener en cuenta el ancho, uso y condiciones y tránsito de la carretera por la cual conducía . . .", la cual forma o manera de conducir está prohibida por la Sec. 5-101 de la Ley de Vehículos y Tránsito de Puerto Rico; el que lo hacía con ". . . falta de circunspección o impericia", lo cual está prohibido por la Sec. 5-201 y la Sec. 5-1002(3) de la citada Ley; y por último, el que "invadió el carril" del otro vehículo involucrado en el accidente, lo cual está prohibido por la Sec. 5-304 de la Ley. Véase a esos efectos: *Pueblo* v. *Matos Pretto*, 93 D.P.R. 113 (1966).

El Ministerio Fiscal venía obligado a desfilar en una vista preliminar ante un señor magistrado aquella prueba que entendiera suficiente en derecho para convencer a ese magistrado que existía causa probable para radicar una acusación formal y someter al señor Vélez Pumarejo a un proceso criminal por el delito imputado. Este último tenía el derecho a contrainterrogar a los testigos presentados por el fiscal y hasta, si así lo entendía conveniente, presentar prueba de defensa para demostrar lo contrario.

Sabido es que "El propósito evidente de la vista preliminar es evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso criminal. La vista brinda la oportunidad para que el ministerio

fiscal demuestre que existe causa probable para creer que se ha cometido un delito y que la persona ante el juez instructor lo cometió". *Pueblo* v. *López Camacho*, 98 D.P.R. 700, 702 (1970); y que "El fiscal no viene obligado a presentar en una vista preliminar toda la prueba de que dispone para establecer en su día la culpabilidad del acusado. Le basta con presentar aquella prueba que convenza al magistrado ante quien se celebra la vista de que se ha cometido un delito y de que hay causa probable para creer que el acusado lo cometió". *Pueblo* v. *Figueroa Castro*, 102 D.P.R. 279, 284 (1974).

El imputado Vélez Pumarejo, asistido por su abogado, y por las razones que fuera, renunció a todo ello; voluntaria e inteligentemente ejerció una de las opciones que establece la Regla 23 de las de Procedimiento Criminal y renunció a la celebración de la vista preliminar a que tenía derecho por ley, liberando de esa forma al Ministerio Público de su obligación de presentar y/o demostrar la existencia de causa probable para así poder radicar una acusación formal contra éste; en otras palabras, el imputado Vélez Pumarejo consintió que se le radicara una acusación por el delito grave que se le imputaba.

Radicada la correspondiente acusación por una supuesta infracción del Art. 87 del Código Penal de Puerto Rico, y habiéndose ya celebrado el acto de lectura de acusación, el Ministerio Público entendió que debía fortalecer su caso agregándole a la acusación ya radicada un "acto ilegal" adicional supuestamente cometido por el imputado Vélez Pumarejo, a saber: el que conducía el vehículo, al momento del accidente, bajo los efectos de bebidas embriagantes, hecho que no debió constituir sorpresa para el señor Vélez Pumarejo y su representación legal, por cuanto ya el Ministerio Fiscal había radicado una acusación separada en donde le imputaba la supuesta comisión de dicho delito.

■■■ El propio acusado-recurrido acepta, como hemos visto, que la enmienda realizada "no se trata de la subsa-

nación de un defecto sustancial" de la acusación original. (⁴) Ello, naturalmente, es así, ya que la acusación que originalmente se radicara aducía hechos constitutivos de causa de acción en cuanto al delito imputado, por cuanto el conducir un vehículo bajo los efectos de bebidas embriagantes obviamente no es un elemento indispensable del delito por infracción del Art. 87 del Código Penal de Puerto Rico.

¿Qué es, entonces? Simplemente se trata, como dijéramos anteriormente, de la alegación por parte del Ministerio Fiscal de un supuesto *acto ilegal adicional* con el propósito de convencer al juzgador de los hechos —el juez o el Jurado, según sea el caso— más allá de duda razonable de que el imputado es culpable de "imprudencia crasa o temeraria".

Ello, sin embargo, no justifica ni acarrea la celebración de una nueva vista preliminar. En el presente caso se señaló una vista preliminar; el imputado voluntaria e inteligentemente renunció a la misma; por lo tanto, hubo una válida determinación de causa probable. La eficacia de dicha determinación no queda menoscabada por hechos, como los presentes, posteriores a la misma. *Pueblo* v. *López Camacho*, supra, pág. 702. El Ministerio Público puede ". . . presentar durante el juicio la misma prueba que ofreció durante la vista preliminar, prueba adicional, y aun prueba distinta". *Pueblo* v. *Figueroa Castro*, supra, pág. 284.

Ninguno de los fundamentos aducidos por el tribunal de instancia en apoyo de su decisión justifica la misma. El mero hecho de que nada haya en las Reglas de Procedimiento Criminal que impida la celebración de una nueva vista preliminar por razón de haberse enmendado la acusación no quiere necesariamente decir que ello sea procedente en Derecho. El Pueblo de Puerto Rico sí se afectaría por ello; la sociedad en general tiene el derecho a que se determine a la brevedad posible la responsabilidad crimi-

---

(⁴) Aun en el supuesto de que así fuera, no procede la celebración de una nueva vista preliminar. Véase Regla 38 de las de Procedimiento Criminal.

nal, si alguna, de las personas acusadas de delitos. Nada hay en nuestro ordenamiento jurídico que impida que la inocencia o culpabilidad de un imputado de delito sea decidida rápidamente con la garantía, al mismo tiempo, de todos sus derechos constitucionales. En otras palabras, el derecho a un juicio rápido e imparcial no sólo es del imputado; la sociedad también tiene derecho a que no ocurran dilaciones innecesarias en los procesos criminales. Los tribunales de instancia deben velar porque así sea.

*Por las razones antes expresadas se expide el auto y se dictará sentencia en que se revoque la resolución emitida por el Tribunal Superior de Puerto Rico, Sala de Aguadilla, de fecha 14 de junio de 1982, y en su consecuencia se reinstala la acusación radicada contra Armando Vélez Pumarejo por una supuesta infracción del Art. 87 del Código Penal de Puerto Rico, Caso Criminal Número G-81-385.*