EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Cristian Joel Otero Robles<br><br>Recurrido | Certiorari<br><br>2021 TSPR 40<br><br>206 DPR \_\_\_\_ |

Número del Caso: CC-2021-206

Fecha: 26 de marzo de 2021

Tribunal de Apelaciones:

    Panel III

Oficina del Procurador General:

    Lcdo. Fernando Figueroa Santiago
    Procurador General

    Lcdo. Omar Andino Figueroa
    Subprocurador General

    Lcda. Liza M. Delgado González
    Procuradora General Auxiliar

Materia: Sentencia con Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                       CC-2021-0206

Cristian Joel Otero Robles

    Recurrido

**SENTENCIA**

San Juan, Puerto Rico, a 26 de marzo de 2021.

Por estar igualmente dividido el Tribunal, se expide el auto de *certiorari* y se dicta Sentencia confirmatoria de la emitida por el Tribunal de Apelaciones en este caso.

**Notifíquese inmediatamente por teléfono y por correo electrónico.**

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

El Juez Asociado señor Estrella Martínez emite una expresión de conformidad a la cual se unen la Jueza Presidenta Oronoz Rodríguez, el Juez Asociado señor Martínez Torres y el Juez Asociado señor Colón Pérez:

> Estoy satisfecho con confirmar la denegatoria del Tribunal de Apelaciones a intervenir con el manejo de un asunto evidenciario ante el Tribunal de Primera Instancia. A mi juicio, las circunstancias particulares de este caso obligan a concluir que el foro primario no abusó de su discreción al excluir los testimonios de dos (2) agentes del orden

público y, de esta forma, salvaguardar la integridad del procedimiento ante su consideración.

De entrada, resulta inescapable recalcar que fue el Estado quien decidió no imputarle al Sr. Cristian Joel Otero Robles (señor Otero Robles) el conducir en estado de embriaguez, a pesar de que contaba con dos (2) testigos dispuestos a declarar que, conforme a su experiencia, éste presentaba signos externos de tal condición al momento del suceso, en aparente discrepancia con el hecho de que la prueba de sangre arrojó un nivel de alcohol menor al permitido por ley. Por consiguiente, el Estado optó por acusar al señor Otero Robles de conducir un vehículo de forma imprudente o negligente y causarle a otra persona una lesión corporal que requiera hospitalización, tratamiento prolongado o genere un daño permanente o lesión mutilante. Art. 5.07 (B) de la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000, 9 LPRA sec. 5112 (Ley 22-2000). Mas, sin anclaje en notificación previa alguna, ahora el Estado pretende desfilar prueba sobre un alegado estado de embriaguez para probar el elemento de imprudencia o negligencia que exige el delito que sí imputó al señor Otero Robles.

El Estado fundamenta su argumentación, principalmente, en expresiones selectas de este Tribunal en Pueblo v. Nazario Hernández, 138 DPR 760 (1995) y Pueblo v. Figueroa Pomales, 172 DPR 403 (2007). En cuanto al primero de los casos, afirma que esta Curia avaló el traer evidencia sobre el estado de embriaguez como prueba de las circunstancias fácticas del caso, aun cuando ello no sea un elemento del delito. Esto, ignorando que, en Pueblo v. Nazario Hernández, supra, se imputó al acusado una infracción a la antigua Ley de Tránsito por, precisamente, conducir embriagado y que tal estado, a su vez, se incluyó en el pliego acusatorio por violaciones a los Arts. 86 y 87 del antiguo Código Penal. De forma similar, en Pueblo v. Figueroa Pomales, supra, este Tribunal analizó una disposición del Código Penal específicamente dirigida a agravar el delito de homicidio negligente si éste era causado al conducir un vehículo bajo los efectos de bebidas embriagantes. En tal análisis, se hizo referencia a una enmienda a la Ley 22-2000 que

tuvo el fin de aclarar que, bajo el Art. 87 del antiguo Código Penal sobre homicidio negligente, el cual ya había sido derogado para la fecha del caso, se entendería como conducta crasa y temeraria conducir un vehículo en estado de embriaguez. Como puede verse, los casos precitados versan sobre circunstancias fácticas, estatutos y elementos del delito que son inaplicables a esta situación y que, como cuestión de derecho, ya no rigen en nuestro ordenamiento. Cabe mencionar, además, que en tales casos el conducir bajo los efectos de bebidas embriagantes siempre fue parte de las acusaciones y alegaciones del Estado, en marcada oposición a la acusación que se presentó en contra del señor Otero Robles.

En este caso, en efecto, el encontrarse en estado de embriaguez no constituye un elemento del delito imputado. Como cuestión de derecho, ello es un elemento de un delito de mayor jerarquía dentro de la misma Ley 22-2000. Aunque el Estado alega que sólo pretende demostrar que, al conducir embriagado, el señor Otero Robles condujo de forma imprudente, negligente y temeraria, lo cierto es que permitir el desfile de tales testimonios tendría un perjuicio inequívoco e indebido sobre el jurado ya constituido, según proscrito en la Regla 403 de Evidencia, 32 LPRA Ap. VI.

Por tanto, avalar esta maniobra por parte del Estado conllevaría que, confrontado con estos testimonios innegablemente inflamatorios y dirigidos a apelar a la emoción, el jurado potencialmente llegaría a un veredicto de culpabilidad sobre la imprudencia o negligencia fundamentado, únicamente, en la posibilidad de que el señor Otero Robles fue negligente al conducir bajo los efectos de bebidas embriagantes. Ello, independientemente de que ese no es el delito que fue imputado. Recuérdese, no toda prueba pertinente puede desfilarse ante un jurado cuando se trata de "prueba que puede conducir a un resultado erróneo porque se presentó con el propósito primordial de crear pasión y prejuicio en el jurado". Pueblo v. Santiago Irizarry, 198 DPR 35, 44 (2017). Aquí, la magnitud de tal efecto potencial constituye un perjuicio indebido que supera el valor probatorio de los testimonios, inclinando la balanza a favor de su exclusión.

Por los fundamentos antes expuestos, expreso mi conformidad con el dictamen que hoy confirma este Tribunal.

El Juez Asociado señor Kolthoff Caraballo emite un Voto particular disidente al cual se unen la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Rivera García y el Juez Asociado señor Feliberti Cintrón. El Juez Asociado señor Rivera García desea hacer constar la siguiente expresión disidente:

El Juez Asociado señor Rivera García hubiera enfáticamente expedido el recurso presentado por el Procurador General y hubiese permitido al Ministerio Público desfilar la prueba excluida por el foro inferior, a saber, el testimonio de dos agentes que llegaron a la escena del accidente donde intervinieron con el acusado, respecto a que este podía estar bajo los efectos de bebidas embriagantes, como parte de las condiciones en las que encontraron al acusado. Aunque dicho testimonio sería perjudicial para el acusado, no es indebidamente perjudicial, pues además de ser prueba pertinente, su valor probatorio supera cualquier perjuicio que podría ocasionar, un perjuicio que además podría ser atendido de antemano con las debidas instrucciones al jurado.

En este caso, el testimonio de los agentes es pertinente por tender a demostrar de forma circunstancial un elemento del delito imputado bajo el Art. 5.07, es decir, que el imputado pudo haber estado conduciendo un vehículo de forma imprudente o negligentemente, a base de las circunstancias en las que los agentes del orden público encontraron al acusado. A su vez, al ser un juicio por jurado, los posibles perjuicios indebidos, si alguno, que podría ocasionar la presentación de dicha prueba pertinente se podrían atender *ex-ante,* como muchas veces sucede, con las debidas instrucciones al jurado dirigidas a canalizar la pregunta sobre la que estos deben pasar juicio.

Por último, dicha prueba no intenta probar más allá de duda razonable que el acusado estuvo conduciendo bajo el efecto de bebidas embriagantes porque, al no ser un elemento del delito imputado, esa ni siquiera sería una pregunta que enfrentaría el jurado. La

presentación de dicha prueba tampoco daría paso a aumentar la exposición penal del acusado para enfrentar ser acusado por el delito mayor de conducir bajo el efecto de bebidas embriagantes, pues nuestro ordenamiento constitucional no lo permitiría. En fin, el acusado no enfrentaría un perjuicio indebido que justifique que se excluya dicha prueba.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.                              **CC-2021-0206**

Cristian Joel Otero Robles

    Recurrido

Voto particular disidente del Juez Asociado señor Kolthoff Caraballo al que se une la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Rivera García y el Juez Asociado señor Feliberti Cintrón.

San Juan, Puerto Rico, a 26 de marzo de 2021.

El Procurador General compareció ante este Tribunal con una *Moción en auxilio de jurisdicción* para paralizar el juicio por jurado pautado en este caso hasta que dispusiéramos en los méritos de la *Petición de certiorari* presentada. En esta última adujo que erró el Tribunal de Apelaciones al denegar expedir el *certiorari* para revocar al foro primario por la exclusión de determinada evidencia sobre el posible estado de embriaguez del acusado como parte de la imprudencia imputada al amparo del Art. 5.07(B) de la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000, 9 LPRA sec. 5112. Esto conforme fue pautado en *Pueblo v. Nazario*

*Hernández*, en el sentido de que "no está vedado presentar una prueba de embriaguez bajo el palio de otros artículos que no sean el que específicamente penaliza conducir en dicho estado si […] [es] pertinente[] para demostrar la existencia de factores que, en conjunción, configuran el delito en cuestión".[1]

Por ser del criterio de que las determinaciones recurridas son erróneas en derecho y constituyen un abuso de discreción al excluir evidencia pertinente para establecer la imprudencia o negligencia del imputado de delito, sin que su valor probatorio quedara sustancialmente superado por cualesquiera de los factores establecidos en la Regla 403 de Evidencia, 32 LPRA Ap. VI, me veo precisado a emitir este voto particular disidente.

I.

Por hechos ocurridos el 16 de noviembre de 2019 se presentaron dos denuncias contra Cristian Joel Otero Robles, ambas por infracción al Art. 5.07(B) de la Ley Núm. 22-2000. Según surge de las denuncias, por conducir con imprudencia crasa y temeraria, el señor Otero Robles invadió con su vehículo el paseo de la vía pública e impactó un auto que estaba estacionado y que, a su vez, impactó a otro auto. Esto provocó que los propietarios de los vehículos que se encontraban en el paseo fueran

---

[1] *Pueblo v. Nazario Hernández*, 138 DPR 760, 781 (1995).

lanzados al pavimento y sufrieran múltiples laceraciones que requirieron tratamiento médico.

Luego de la determinación de causa probable para arresto al amparo de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, y de varios trámites de rigor, el juicio por jurado inició el 25 de enero de 2021. Antes del segundo día de juicio, específicamente el 9 de febrero de 2021, el señor Otero Robles presentó una *Moción in limine* para que el Tribunal impidiera que el Ministerio Público presentara evidencia demostrativa, documental, testifical o insinuaciones relacionadas con el alcohol por no haber sido acusado por conducir bajo los efectos de bebidas embriagantes, dado que la prueba de sangre reflejó un porcentaje menor de alcohol al dispuesto en la Ley Núm. 22-2000. Adujo que de la denuncia no se desprendía alegación alguna de que la causa de la presunta imprudencia o negligencia fuera el alcohol o el presunto estado de embriaguez del imputado de delito. El Ministerio Público se opuso oportunamente a esta solicitud.

El 5 de marzo de 2021 hubo una vista donde las partes expusieron sus planteamientos sobre la exclusión de prueba solicitada. Según surge del récord, el foro de primera instancia concedió la exclusión de evidencia por entender que la información de que el acusado conducía bajo los efectos de bebidas embriagantes causaría el

perjuicio indebido que pretende evitar la Regla 403. Entendió que la utilización de dicha evidencia constituiría una violación al debido proceso de ley por falta de notificación adecuada de la conducta que se le imputa al acusado. En particular, expresó que "informar que el acusado tenía un fuerte olor a alcohol, que se recostara de la valla o que tenía los ojos rojos puede llevar a cualquier miembro del Jurado a pensar que el acusado estaba en estado de embriaguez y eso no se alegó en la denuncia".[2]

Así, el Ministerio Público hizo el ofrecimiento de prueba relacionado con la evidencia excluida. Presentó el testimonio de dos agentes que llegaron a la escena del accidente e interactuaron con el señor Otero Robles. Sin embargo, el Tribunal de Primera Instancia excluyó todo lo referente a que el señor Otero Robles podía estar bajo los efectos de bebidas embriagantes. De esta forma, el foro primario reiteró su decisión al amparo de la Regla 403 de Evidencia, la cual fue notificada mediante Resolución el 19 de marzo de 2021.

Inconforme, el Procurador General recurrió ante el Tribunal de Apelaciones mediante una *Moción en auxilio de jurisdicción* presentada junto a una *Petición de certiorari*. La denegatoria del tribunal apelativo intermedio fue notificada el 24 de marzo de 2021. Por

---

[2] *Apéndice de la Petición de certiorari*, pág. 40.

estar en desacuerdo, el Ministerio Público compareció en auxilio de nuestra jurisdicción para paralizar la vista pautada para el 25 de marzo de 2021, a las 9:00 am, y solicitar mediante un Recurso de *certiorari* que evaluáramos la exclusión de toda evidencia tendente a demostrar que el acusado conducía bajo los efectos de bebidas embriagantes, como parte de la imprudencia o negligencia imputada.

## II

En nuestro ordenamiento procesal penal, el derecho de un acusado a la debida notificación de los cargos presentados en su contra es de rango constitucional.[3] La Constitución de Puerto Rico establece que "el acusado disfrutará del derecho [...] a ser notificado de la naturaleza y causa de la acusación".[4]

El mecanismo que tiene el Ministerio Público para cumplir con esa obligación de notificación es el uso de la acusación o denuncia; el llamado pliego acusatorio.[5] El ordenamiento procesal criminal define la acusación como la "alegación escrita hecha por un fiscal al Tribunal de Primera Instancia en la cual se imputa a una persona la

---

[3] *Pueblo v. Vélez Rodríguez*, 186 DPR 621, 627 (2012).

[4] Art. II, Sec. 11, Const. PR, LPRA, Tomo 1.

[5] *Pueblo v. Vélez Rodríguez*, supra, pág. 628.

comisión de un delito".[6] La alegación y la denuncia debe incluir:

> (c) Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común. Las palabras usadas en dicha exposición se interpretarán en su acepción usual en el lenguaje corriente, **con excepción de aquellas palabras y frases definidas por ley o por la jurisprudencia, las cuales se interpretarán en su significado legal.** Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo significado. En ningún caso será necesario el expresar en la acusación o denuncia presunciones legales ni materias de conocimiento judicial.[7]

Por otra parte, sabido es que la "[e]videncia pertinente es aquélla que tiende a hacer la existencia de un hecho, que tiene consecuencias para la adjudicación de la acción, más probable o menos probable de lo que sería sin tal evidencia".[8] Establece el ordenamiento probatorio que "[l]a evidencia pertinente es admisible excepto cuanto se disponga lo contrario por imperativo constitucional, por disposición de ley o por estas reglas".[9]

La Regla 403 de Evidencia establece lo siguiente en relación con la exclusión de evidencia:

> Evidencia pertinente puede ser excluida cuando su valor probatorio queda sustancialmente superado por cualesquiera de estos factores:

---

[6] Regla 34(a) de Procedimiento Criminal, 34 LPRA Ap. II, R. 34.

[7] *Íd.*, R. 35 (énfasis suplido).

[8] Regla 401 de Evidencia, 32 LPRA Ap. VI, R. 401.

[9] *Íd.*, R. 402.

(a) Riesgo de causar perjuicio indebido.

(b) Riesgo de causar confusión.

(c) Riesgo de causar desorientación del Jurado.

(d) Dilación indebida de los procedimientos.

(e) Innecesaria presentación de prueba acumulativa.[10]

Como expresamos en *Pueblo v. Serrano Morales,* esta Regla debe ser utilizada con prudencia y cuidado por los tribunales, porque el principio fundamental es que toda la evidencia pertinente es admisible, salvo que aplique una regla de exclusión. El eje central del análisis es si la admisibilidad de esa prueba puede llegar a ser perjudicial y el perjuicio es mayor al beneficio que puede obtenerse de la prueba excluida.[11] Corresponde al juez que tiene el caso ante sí evaluar el nivel de perjuicio indebido que podría tener la prueba de ser presentada ante el jurado.

Sabemos que "toda prueba es 'perjudicial' en la medida que favorece a una parte y perjudica a otra, pero este no es el tipo de perjuicio al que se refiere la regla".[12] Debe ser aquel perjuicio indebido, la "prueba que puede conducir a un resultado erróneo cuando se apela

---

[10] *Íd.*, R. 403.

[11] *Pueblo v. Serrano Morales*, 201 DPR 454, 465-466 (2018) (*citando a* E.L. Chiesa Aponte, *Reglas de Evidencia de Puerto Rico de 2009*, San Juan, Pubs. JTS, 2009, pág. 116).

[12] *Pueblo v. Ortiz Pérez*, 123 DPR 216, 228 (1989).

meramente —y aunque no únicamente— a los sentimientos y a la emoción".[13]

Por último, cuando la acusación, la denuncia o un escrito de especificaciones adolece de algún defecto de forma o sustancial, la Regla 38 de Procedimiento Criminal dispone con gran liberalidad que el tribunal podrá permitir las enmiendas que sean necesarias para subsanarlo. El defecto sustancial "es el que perjudica los derechos sustanciales del acusado, bien porque le impide preparar adecuadamente su defensa o porque, sencillamente, tiene el efecto de insuficiencia de la acusación o denuncia".[14] Cuando la acusación o denuncia adolece de un defecto sustancial, el tribunal podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo.[15]

## III

No existe duda con relación a que la prueba sobre el alegado estado de embriaguez es claramente pertinente para establecer la imprudencia o negligencia que requiere el delito tipificado en el Art. 5.07(b) de la Ley Núm. 22-2000. Por otro lado, no es razonable concluir que su valor probatorio queda sustancialmente superado por el riesgo de perjuicio indebido porque puede inducir al

---

[13] *Íd.*

[14] *Pueblo v. Vélez Rodríguez*, supra, pág. 630 (*citando a* E.L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1995, Vol. III, pág. 120).

[15] 34 LPRA Ap. II, R. 38(b).

jurado a concluir que el señor Otero Robles conducía en estado de embriaguez y este hecho no fue incluido en las dos denuncias.

En lo pertinente, el Art. 5.07(B) de la Ley de Vehículos y Tránsito, *supra*, establece:

> (B) En aquellos casos en que **la persona que condujere un vehículo <u>de forma imprudente o negligentemente</u>** ocasione a otra persona una lesión corporal que requiera hospitalización, tratamiento prolongado o genere un daño permanente o lesiones mutilantes, incurrirá en delito menos grave con una pena fija de tres (3) años de reclusión y el Secretario le revocará todo permiso o privilegio de conducir por igual término.[16]

En el caso ante nuestra consideración, las denuncias en cuestión rezan como sigue:

> 1)
>
> Por el Delito: Ley 22 Art. 5.07.B Menos Grave (2000) Enmienda 2017- Imprudencia o negligencia.
>
> […]
>
> El referido imputado CRISTIAN J OTERO ROBLES; allí y en Guaynabo, PR, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Bayamón, ilegal, voluntaria y criminalmente, mientras conducía o hacía funcionar el vehículo de motor marca Toyota, modelo Corolla, año 2015, tablilla INT-420, por la Carr. 20 KM. 4.9, Avenida Martínez Nadal en Guaynabo, la cual es una vía pública de Puerto Rico, lo hacía con imprudencia crasa y temeraria en dirección a San Juan a Caguas, el mismo invade el paseo impactando con la parte frontal a la parte posterior del vehículo marca, Honda modelo Fit, año 2017, tablilla IYP, propiedad del Sr. Raúl Morales Carbonera y el cual se encontraba estacionado, dando a lugar a que el vehículo impactó con la parte frontal, la parte posterior del vehículo marca Subaru, modelo impreza, año 2004, tablilla FVM-724, propiedad de Emmanuel Alvarado Colón y el cual se encontraba estacionado, *lanzando al peatón Raúl Morales Carbonera* al pavimento,

---

[16] Artículo 5.07(B) de la Ley Núm. 22-2000, 9 LPRA sec. 5112 (énfasis suplido).

ocasionándole múltiples laceraciones que requirió hospitalización, tratamiento prolongado o daño permanente. Daños fueron estimados. Hecho Contrario a La Ley.[17]

2)

Por el Delito: Ley 22 Art. 5.07.B Menos Grave (2000) Enmienda 2017- Imprudencia o negligencia.

[…]

El referido imputado Cristian J Otero Robles; allí y en Guaynabo, PR, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Bayamón, ilegal, voluntaria y criminalmente, mientras conducía o hacía funcionar el vehículo de motor marca Toyota, modelo Corolla, año 2015, tablilla INT-420, por la Carr. 20 KM. 4.9, Avenida Martínez Nadal en Guaynabo, la cual es una vía pública de Puerto Rico, lo hacía con imprudencia crasa y temeraria en dirección a San Juan a Caguas, el mismo invade el paseo impactando con la parte frontal a la parte posterior del vehículo marca, Honda modelo Fit, año 2017, tablilla IYP, propiedad del Sr. Raúl Morales Carbonera y el cual se encontraba estacionado, dando a lugar a que el vehículo impactó con la parte frontal, la parte posterior del vehículo marca Subaru, modelo impreza, año 2004, tablilla FVM-724, propiedad de Emmanuel Alvarado Colón y el cual se encontraba estacionado, *lanzando al peatón Emmanuel Alvarado Colón,* al pavimento, ocasionándole múltiples laceraciones que requirió hospitalización o tratamiento prolongado o generó daño permanente. Daños fueron estimados. Hecho contrario a la ley.[18]

Conforme al Art. 5.07(B) citado, los elementos constitutivos del delito de imprudencia o negligencia son: (1) conducir un vehículo **de forma imprudente o negligentemente,** y (2) ocasionar a otra persona una lesión corporal que requiera hospitalización, tratamiento prolongado o genere un daño permanente o lesiones mutilantes. De los dos pliegos acusatorios transcritos

---

[17] *Apéndice de la Petición de certiorari*, pág. 27.

[18] *Íd.,* pág. 28 (énfasis suplido).

surgen los elementos constitutivos del delito imputado. Es decir, que el señor Otero Robles conducía un vehículo de motor negligentemente, lo que ocasionó que impactara a dos personas que requirieron hospitalización o tratamiento prolongado o sufrieron daño permanente. Por lo tanto, el Ministerio Público cumplió con los requisitos mínimos de la debida notificación al recurrido sobre las imputaciones criminales en su contra.[19]

En este caso, el Ministerio Público no acusa al señor Otero Robles de conducir en estado de embriaguez, conforme lo permite la propia Ley Núm. 22-2000,[20] sino de un delito menor que es conducir de forma imprudente o negligentemente por lo cual ocasionó lesiones corporales a dos personas que arreglaban en el paseo un problema mecánico de uno de los vehículos impactados. De esta manera, no existe problema de notificación por no incluir esa información en el pliego acusatorio. Recordemos que "[e]l Ministerio Público tiene discreción para decidir la conveniencia de brindar información adicional a la mínima requerida".[21] Además, como en Derecho penal la acusación no se enmienda por la prueba, el acusado no podría ser

---

[19] *Pueblo v. Vélez Rodríguez,* supra, pág. 634 ("el Ministerio Público no está obligado a abundar en la acusación más allá de lo mínimo requerido").

[20] El Art. 7.02 (a) dispone "(a) [e]s ilegal per se, que cualquier persona de veintiún (21) años de edad, o más, conduzca o haga funcionar un vehículo de motor, cuando su contenido de alcohol en su sangre sea de ocho centésimas del uno por ciento (0.08%) o más, según surja tal nivel o concentración del análisis químico o físico de su sangre o aliento". 9 LPRA sec. 5202.

[21] *Pueblo v. Vélez Rodríguez,* supra, pág. 634.

hallado culpable por otro delito que no fuera el que está imputado en la denuncia, cuyo primer elemento es conducir de forma imprudente o negligentemente.

Así, la pregunta en este caso es si se afecta el derecho a la debida notificación de la naturaleza de la acusación por no incluir información del alegado estado de embriaguez del acusado. La respuesta es en la negativa porque el estado de embriaguez no constituye un elemento esencial del delito imputado, sino una circunstancia fáctica tendente a demostrar la alegada negligencia o imprudencia al conducir y ocasionar daños físicos a terceros inocentes.

En *Pueblo v. Figueroa Pomales*, recalcamos jurisprudencia anterior que establecía que conducir un vehículo de motor en estado de embriaguez no constituía un elemento indispensable del delito de homicidio negligente, pero podría establecer que el acusado era culpable de imprudencia crasa o temeraria.[22] Además, mediante la enmienda introducida por la Ley Núm. 53-2003 a la Ley de Vehículos y Tránsito, el legislador dispuso expresamente "que se entendería como conducta crasa y temeraria, entre otras cosas, conducir un vehículo de motor bajo los efectos de bebidas embriagantes".[23] Hay que tener presente que, en el contexto en que la embriaguez es un elemento

---

[22] *Pueblo v. Figueroa Pomales*, 172 DPR 403, 418 (2007) (*en referencia a Pueblo v. Vélez Pumarejo*, 113 DPR 349, 356 (1982)).

[23] *Figueroa Pomales*, supra, pág. 419.

del delito imputado, hemos expresado que un nivel de alcohol de menos de 0.08% no implica necesariamente que la persona no conducía bajo los efectos de bebidas embriagantes.[24]

Recientemente, en *Pueblo v. Martínez Landrón*, reiteramos que el acto de conducir un vehículo de motor en estado de embriaguez constituye un grave peligro para nuestra sociedad, pues atenta contra el bienestar de los ciudadanos en las carreteras del País.[25] Además que, independiente del resultado de los análisis de las muestras tomadas a la persona detenida, es pertinente considerar "el dominio que la persona tenía sobre sí mismo, la apariencia de los ojos, el dominio del habla, el grado de control que ejerció sobre su vehículo hasta el momento del accidente, su estado de ánimo, así como cualquier otro factor que refleje el estado de sus facultades físicas o mentales".[26]

Por la definición de las propias Reglas de Evidencia sobre la pertinencia de la prueba, se me hace difícil pensar en una prueba más pertinente para probar un caso por **conducir negligentemente causando daños físicos a terceros inocentes**, que aquella que tienda a demostrar que el acusado conducía en estado de embriaguez. Me

---

[24] *Íd.,* pág. 430.

[25] *Pueblo v. Martínez Landrón,* 202 DPR 409, 417-418 (2019).

[26] *Íd.,* pág. 422 (*en aprobación de Pueblo v. Caraballo Borrero*, 187 DPR 265 (2012) y *Pueblo v. Montalvo Petrovich*, 175 DPR 932 (2009)).

parece que es claro que quien presuntamente causa daños físicos a otro ciudadano al conducir en estado de embriaguez, **lo menos que se le debe imputar es negligencia o imprudencia.**

La controversia que nos ocupa es **si la prueba es o no pertinente**, y si siéndolo, cumple con los requisitos de la Regla 403 para que pueda ser admitida. No existe duda de que, si el jurado cree la prueba presentada con relación a la embriaguez del acusado al momento de los hechos, eso conduciría a hacer más probable un elemento del delito: que el acusado actuó de forma imprudente o negligente al conducir un vehículo de motor. Faltaría solo determinar si ese **claro valor probatorio** es superado por el riesgo de causar perjuicio indebido, confusión, desorientación al jurado, dilación indebida de los procedimientos, o que sea una innecesaria presentación de prueba acumulativa.

Me parece que, de ser creída, esta prueba ciertamente podría causar un perjuicio al acusado, pero no indebido. En primer lugar, el Ministerio Público simplemente pretende traer el testimonio de unos agentes que tuvieron conocimiento personal de unos hechos; que **percibieron el estado del acusado después del accidente.** ¿Es esta prueba inflamatoria? No veo cómo; perjudicial sí, pero no inflamatoria. ¿Que puede confundir o desorientar al jurado? Tampoco veo cómo. Que esa prueba puede llevar al jurado a determinar que el acusado estaba

en estado de embriaguez y, como tal, sus sentidos estaban disminuidos, ciertamente. La pregunta es, cuál es el problema con eso. En qué forma se afecta el debido proceso de ley contra el acusado ante una prueba que es claramente pertinente para hacer más probable el caso del Ministerio Público, y que éste le descubrió a tiempo para que el acusado estuviera preparado, pues incluso el estado del acusado fue parte de la prueba en la vista de causa para arresto.

De hecho y, en conclusión, en el peor de los casos para el aquí acusado, el resultado de presentarse esa prueba claramente perjudicial, de ser creída por el jurado, es que éste sería encontrado culpable por un delito menor, cuando el Ministerio Público pudiera tener evidencia para encontrarlo culpable por un delito mayor. O sea, el resultado sería que, aunque el Ministerio Público tuviera prueba suficiente para encontrarlo culpable por un delito mayor (conducir en estado de embriaguez), **se tendrá que conformar con una convicción por un delito menor, conducir de forma imprudente o negligentemente y causar daños físicos a terceros.** No puedo ver dónde está el perjuicio indebido que establece la Regla 403, para que prueba claramente pertinente sea excluida.

Todo esto será un asunto de credibilidad sobre una circunstancia fáctica que abona a probar el elemento de

imprudencia y negligencia. Esto es cónsono con lo resuelto por este Tribunal en *Pueblo v. Nazario Hernández*:

> Esa determinación de causa probable no limitó la autoridad ulterior del Fiscal para acusar o **prescindir del elemento de embriaguez como uno de los integrantes de la imprudencia crasa o temeraria**. El elemento esencial del referido Art. 87 es causar la muerte de una persona por conducir un vehículo de motor con imprudencia crasa o temeraria. En el juicio, el fiscal puede presentar una prueba pertinente sobre cualquier elemento del delito imputado, independientemente de que un juez la haya excluido en vista preliminar.
>
> La decisión del juez de instancia de encontrar causa probable por ese delito, prescindiendo del elemento de embriaguez, no refleja una prohibición a que se presentara una prueba sobre esa conclusión ni que ésta fuera inmaterial.[27]

Recordemos que, bajo alegaciones idénticas a las levantadas en este caso, este Tribunal ha resuelto que, si es pertinente para demostrar la existencia de factores que, en conjunción, configuran el delito de imprudencia, crasa o temeraria en caso de ocasionar la muerte de un ser humano, el Ministerio Público puede presentar una prueba de embriaguez al palio de otros artículos que no sean el que específicamente penaliza conducir en dicho estado.[28]

IV

---

[27] *Pueblo v. Nazario Hernández*, supra, págs. 780-781 (énfasis suplido).

[28] *Íd.*, pág. 781.

Por lo anterior, declararía "Ha Lugar" la solicitud de auxilio de jurisdicción y la Petición de *certiorari* presentada por el Procurador General.


Erick V. Kolthoff Caraballo
Juez Asociado